## APPEAL OF BUFFALO WILLS-SAINTE CLAIRE CORPORATION.

Docket No. 3207.   Submitted June 16, 1925.   Decided July 15, 1925.

Upon the pleadings, *held*, that the taxpayer may not deduct a loss in 1921 from net income in 1922.

*Ellis W. Manning, Esq.,* for the Commissioner.

Before JAMES and TRUSSELL.

This is an appeal from the determination of a deficiency in income tax for the year 1922 in the amount of $664.51. The question involved is the right of the taxpayer to deduct from the net income for 1922 the net loss sustained for a portion of the year 1921.

### FINDINGS OF FACT.

The taxpayer is a New York corporation with its principal office at Buffalo.

For the period between August 1, 1921, and December 31, 1921, the taxpayer sustained a net loss of $5,316.14. To determine net income subject to tax for that year it deducted this loss from the gross income of its 1922 return. The Commissioner disallowed the deduction claimed.

### DECISION.

The determination of the Commissioner is approved.

## OPINION.

JAMES: Upon the hearing of this appeal the taxpayer was not represented by counsel or officer. The entire proceedings are set forth below:

Mr. JAMES. Is there an appearance for the taxpayer? All right, Mr. Manning.

Mr. MANNING. If the Board please, this is a question of law. The Commissioner has here admitted the allegation of facts stated in the taxpayer's petition, that there was a net loss—it is a question of whether the net loss ought to be deducted in the succeeding year against the income of that year. The right to do that was denied. That question has already been passed on by the Board in the *Carroll Chain* case, and the case will have to rest on that. The Commissioner has not acquiesced in that and it will have to remain there.

Mr. JAMES. In other words that the Board will have to disallow the deficiency.

Mr. MANNING. I should think so.

Mr. JAMES. Is the entire deficiency dependent on that one point?

Mr. MANNING. Yes, sir.

Mr. JAMES. So that the whole deficiency asserted turns on the *Carroll Chain* case?

Mr. MANNING. Yes, sir.

Mr. JAMES. The appeal will be taken under submission on the pleadings, and a transcript will be made. I think the Commissioner knows the answer.

It now appears that the taxpayer in its petition did not set forth any allegation to the effect that it was incorporated or began business on or about August 1, 1921, or that it changed its fiscal period on or about that date; nor did it otherwise explain the basis upon which it claims the right to deduct a loss sustained for the period in 1921 from its net income for 1922. The Board is left to surmise that the taxpayer was organized on or about August 1, 1921, and began business on or about that date. Nothing in the pleadings appears to concede anything other than the conclusion at which the Board would arrive if this appeal were on its facts governed by the *Appeal of Carroll Chain Co.*, 1 B. T. A. 38, as set forth in those proceedings. The Board can not by surmise supply deficiencies in pleadings, for the pleadings must form the basis of its findings of fact. Where facts material and essential to a decision are omitted from the pleadings, the Board is powerless to remedy the defect. So far as the information before the Board is concerned, the taxpayer might have been in existence and have reported income for the entire year 1921, and had a net profit for the period up to August 1 of that year and a loss during the remaining months. There being nothing in the record upon which the Board can make findings of fact which will sustain the position taken by the taxpayer, the deficiency determined by the Commissioner must be approved.