**UNITED STATES of America and Richard J. Mozdziak, Revenue Officer, Internal Revenue Service, Plaintiffs,**

v.

**William M. SLATER, Defendant.**

**Civ. A. No. 82–195.**

United States District Court,
D. Delaware.

July 8, 1982.

Joseph J. Farnan, Jr., U. S. Atty., and Peggy L. Ableman, Asst. U. S. Atty., Wilmington, Del., for plaintiffs.

William M. Slater, pro se.

## OPINION

CALEB M. WRIGHT, Senior District Judge.

The plaintiffs in this case seek an order directing the defendant to comply with the summons issued to him by the Internal Revenue Service. Slater failed to appear before the plaintiff revenue officer with documents and records relating to his tax liability for 1979 and 1980, as required by the IRS summons. At a show cause hearing held before the Court, the defendant asserted that the action against him should be dismissed because (1) he is not a "person" within the "jurisdiction" of the Internal Revenue Service, and (2) compulsory pro-

duction of the documents sought by the Government would violate his rights under the Fourth and Fifth Amendments. For the reasons hereinafter stated, the Court rejects the defendant's arguments and orders that he produce the documents and records sought by the plaintiffs at a time and place to be determined by the IRS.

The IRS summons in question was issued pursuant to 26 U.S.C. § 7602,[1] which authorizes the Secretary of the Treasury or his delegate, such as the plaintiff revenue officer here, to investigate a person's potential tax liability by examining relevant documents and records and taking testimony from the person. This action to enforce the summons was commenced pursuant to 26 U.S.C. § 7604(a),[2] which grants this Court jurisdiction to compel the defendant's compliance with the summons.

The defendant does not question the validity of the above-cited provisions per se, but rather challenges in broad terms the "jurisdiction" of the IRS over him. The gravamen of Slater's argument in this regard is that he is not a "person" within the meaning of the Internal Revenue Code of 1954, as amended, and that he is therefore not liable to pay federal taxes.[3]

The defendant's argument is without merit. Congress has the power, under Article 1, § 8 of the Constitution, "to lay and collect taxes, duties, imposts and excises." Since the adoption of the Sixteenth Amendment in 1913, Congress has had the power "to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States and without regard to any census or enumeration." The validity of revenue acts enact-

1. 26 U.S.C. § 7602 provides:
    EXAMINATION OF BOOKS AND WITNESSES
    For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized—
    (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;
    (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and
    (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

2. 26 U.S.C. § 7604(a) provides:
    ENFORCEMENT OF SUMMONS
    (a) *Jurisdiction of district court.*—If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

3. The defendant states in his Answer:
    I am not a person described as a "TAXPAYER" and defined in the administrative section 7701(a)(14) of Title 26 CFR–Internal Revenue Code of 1954–68A Stats at Large; or as that section was *first* written by the 65th Congress in 1919 in 40 Stat 1057 in the Revenue Act of 1916 to wit:
    "The term 'taxpayer' includes any person, trust or estate subject to a tax imposed by this Act."
    I am not subject to any tax imposed by this Act, because I do not have any governmental granted benefit, franchise, license, or special commercial privilege that renders me "subject to a tax imposed by this Act." The US IRS does not have primary jurisdiction over me in personam or in rem....
    Slater attempts to distinguish, for purposes of establishing tax liability, between an "unencumbered, unfranchised, freeborn, living individual 'person' with unalienable rights," such as himself, and an "enfranchised and licensed organization 'person' (such as a corporation) which owes its very existence to the state and could not exist without the state's allowance." The defendant concludes, "THE GOVERNMENT HAS JURISDICTION OVER LICENSED, FRANCHISED 'PERSONS' BUT THEY DO NOT HAVE JURISDICTION OVER A FREE, LIVING, ME 'PERSON'." Defendant's Answering Brief at 2–3.

ed pursuant to these constitutional provisions has long been upheld. *See Brushaber v. Union Pacific R. R.*, 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493 (1916).

■ Subtitle A of the Internal Revenue Act of 1954, Title 26 of the United States Code, was enacted in accordance with Congress' constitutional power to lay and collect an income tax. There is a tax imposed, in 26 U.S.C. § 1, on the income of "every individual." No provision exists in the tax code exempting from taxation persons who, like Slater, characterize themselves as somehow standing apart from the American polity, and the defendant cites no authority supporting his position. Slater's protestations to the effect that he derives no benefit from the United States government have no bearing on his legal obligation to pay income taxes. *Cook v. Tait*, 265 U.S. 47, 44 S.Ct. 444, 68 L.Ed. 895 (1924); *Benitez Rexach v. United States*, 390 F.2d 631 (1st Cir.), *cert. denied* 393 U.S. 833, 89 S.Ct. 103, 21 L.Ed.2d 103 (1968). Unless the defendant can establish that he is not a citizen of the United States, the IRS possesses authority to attempt to determine his federal tax liability.

■ At the outset of analyzing the defendant's claim that enforcement of the IRS summons at issue would violate his Fourth and Fifth Amendment rights, the Court finds that the IRS in this case has acted in accordance with the requirement that it exercise its summons authority in good faith. *Powell v. United States*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). In *Powell*, the Supreme Court stated that the IRS did not need to meet any standard of probable cause to obtain enforcement of a summons, but that it "must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the infor-

mation sought is not already within the Commissioner's [of Internal Revenue] possession, and that the administrative steps required by the Code have been followed. . . ." 379 U.S. at 57–58, 85 S.Ct. at 254–55. Furthermore, the summons must be issued prior to an IRS recommendation to the Department of Justice that a criminal prosecution be undertaken against the investigated taxpayer. *United States v. LaSalle National Bank*, 437 U.S. 298, 313–18, 98 S.Ct. 2357, 2365–68, 57 L.Ed.2d 221 (1978); *Donaldson v. United States*, 400 U.S. 517, 532–36, 91 S.Ct. 534, 543–45, 27 L.Ed.2d 580 (1971).

In the present case, the affidavit of the plaintiff revenue officer establishes IRS good faith under the *Powell* standards.[4] The U.S. Attorney indicated at the show cause hearing that there had been no recommendation of criminal prosecution by the IRS. Slater has not substantially challenged the plaintiffs' assertions in this regard. Despite his somewhat cryptic allegations of bad faith on the part of the Government,[5] the defendant has not met his heavy burden of disproving "the actual existence of a valid civil tax determination or collection purpose by the Service." *United States v. LaSalle National Bank, supra* 437 U.S. at 316, 98 S.Ct. at 2367; *see United States v. Powell, supra* 379 U.S. at 58, 85 S.Ct. at 255; *United States v. Garden State National Bank*, 607 F.2d 61, 68–72 (3d Cir. 1979).

■ Nor has the defendant established a violation of his Fourth Amendment right to be protected against unreasonable search and seizure. The IRS "search" in the present case is in the form of an administrative summons which identifies with specificity documents and records necessary for the determination of Slater's tax liability for 1979 and 1980. As noted above, the

---

4. Declaration of Richard J. Mozdziak, attached to the Complaint.

5. For example, the defendant in his Answering Brief at page 15 states:
 "I think the tax collectors know exactly what they are doing [in declining to address Slater's challenge of IRS jurisdiction over

him] and hold secret information that would benefit the administration of justice if it were also known by this Court. I suggest this Court investigate this matter of deliberate obstruction of justice with the idea of reforming the system and punishing official law breakers."

summons is in conformance with the terms and standards of Title 26 as set forth by the Supreme Court in *Powell*. Moreover, Slater's privacy has been adequately protected against potential invasion by the Government by this Court's scrutiny of the summons at issue. In this context, enforcement of the IRS summons does not constitute a violation of Slater's Fourth Amendment rights. *See United States v. De Grosa*, 405 F.2d 926, 928–29 (3d Cir.), cert. *denied* 394 U.S. 973, 89 S.Ct. 1465, 22 L.Ed.2d 753 (1969). *See also United States v. Silkman*, 543 F.2d 1218, 1220 (8th Cir. 1976), *cert. denied* 431 U.S. 919, 97 S.Ct. 2185, 53 L.Ed.2d 230 (1977); *United States v. Shlom*, 420 F.2d 263, 266 (2d Cir. 1969), *cert. denied* 397 U.S. 1074, 90 S.Ct. 1521, 25 L.Ed.2d 809 (1970); *Wild v. United States*, 362 F.2d 206, 209 (9th Cir. 1966).

Finally, the defendant argues that compulsory production of the documents and records sought by the IRS would violate his Fifth Amendment right not to be compelled to be a witness against himself in any criminal case. While an individual compelled to appear before the IRS may invoke a Fifth Amendment privilege against self-incrimination, *United States v. Silverstein*, 314 F.2d 789, 790 (2d Cir.), *cert. denied* 374 U.S. 807, 83 S.Ct. 1696, 10 L.Ed.2d 1031 (1963), he may not do so in the form of a blanket refusal to produce the documents and records sought by the plaintiffs or to testify before the IRS. *United States v. Allshouse*, 622 F.2d 53, 56 (3d Cir. 1980); *United States v. Carroll*, 567 F.2d 955, 957–58 (10th Cir. 1977); *United States v. Roundtree*, 420 F.2d 845, 852 (5th Cir. 1969). The ultimate decision as to whether answering a question or producing a document would place the defendant in danger of self-incrimination is to be made by the Court. *Hoffman v. United States*, 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951). Accordingly, Slater must appear before the IRS with the relevant documents and records and elect to assert or not to assert his Fifth Amendment privilege as to each question asked and each record sought by the IRS. The Court will then be in a position to review, if necessary, the applica-

bility of the Fifth Amendment in the defendant's case.

### CONCLUSION

Since the defendant has raised no valid objection to enforce the summons issued to him by the IRS, the plaintiffs' Petition to Enforce the Summons is granted.

An Order will be entered in accordance with this Opinion.