See also, 545 F.Supp. 179.

**UNITED STATES of America and Richard J. Mozdziak, Revenue Officer, Internal Revenue Service, Plaintiffs,**

v.

**William M. SLATER, Defendant.**

Civ. A. No. 82–195.

United States District Court, D. Delaware.

Nov. 3, 1982.

Joseph J. Farnan, Jr., U.S. Atty., and Peggy L. Ableman, Asst. U.S. Atty., Wilmington, Del., for plaintiffs.

William M. Slater, pro se, defendant.

## OPINION

CALEB M. WRIGHT, Senior District Judge.

Defendant has filed a motion to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a) and Fed.R.App.P. 24(a), on appeal from an adverse judgment entered by this Court on July 8, 1982. Contrary to Fed.R.App.P. 24(a), which requires initial application with the District Court, defendant's motion was made directly to the United States Court of Appeals for the Third Circuit.[1] *Notes of Advisory Committee on Appellate Rule 24.* Nonetheless, defendant's motion will be treated as if properly filed with this Court.

This litigation stems from an investigation by the Internal Revenue Service ("IRS") into defendant's tax liability for the years 1979 and 1980. The IRS summoned the defendant to appear before the plaintiff revenue officer, and to produce documents and letters relating to his tax liability. Defendant failed to respond to the summons and the plaintiffs sought an order from this Court directing defendant to comply. At that time, defendant represented himself *pro se* before the Court in these matters, but did not request permission to proceed in forma pauperis. On July

8, 1982, this Court entered a judgment against defendant ordering him to respond to the Internal Revenue summons. 545 F.Supp. 179. The defendant seeks to proceed in forma pauperis on appeal from this Court's adverse decision.

■ An appeal may be taken in forma pauperis if the appellant is unable to pay costs and the appeal is taken in good faith. 28 U.S.C. § 1915(a); Fed.R.App.P. 24(a). Inability to pay costs does not require absolute destitution. *Adkins v. E.I. du Pont de Nemours & Co., Inc.,* 335 U.S. 331, 339, 69 S.Ct. 85, 89, 93 L.Ed. 43 (1948). The central question is whether a party can afford court costs without undue hardship. *See id.* at 339–340, 69 S.Ct. at 89–90. Appellate review is made in good faith whenever an appellant seeks review of an issue that is not frivolous. *Coppedge v. United States,* 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962). It follows, therefore, that a motion to proceed in forma pauperis must be denied if either the allegation of poverty is untrue, not substantiated, or the Court believes that the question to be raised on appeal is frivolous. *Serna v. O'Donnell,* 70 F.R.D. 618, 620–21 (W.D.Mo.1976).

■ The right to proceed in forma pauperis generally should be granted where the required affidavit of poverty is filed. *Lockhart v. D'Urso,* 408 F.2d 354, 355 (3d Cir. 1969). The mere assertion of poverty, however, does not serve as a substitute for indigency. *Ward v. Werner,* 61 F.R.D. 639, 640 (M.D.Pa.1974). Although this Court must be careful to insure the availability of the federal judicial system to truly indigent persons, it also must guard against the abuse of the in forma pauperis procedure. *United States v. Pennsylvania,* 312 F.Supp. 1, 2 (E.D.Pa.1969). Indeed, those who falsely represent their eligibility may be subject to perjury prosecution. *Adkins v. E.I. du Pont de Nemours & Co., Inc.,* 335 U.S. at 338, 69 S.Ct. at 88.

---

1. The delay in considering this motion was due to the defendant's failure to file his motion with the district court rather than in the Court of Appeals. The clerk of this Court made efforts to determine whether the defendant was required to refile his motion with the district court, or whether the motion filed with the Circuit Court could be considered directly by this Court. This issue is now resolved.

Defendant's statement of impecuniosity is set forth in paragraph 4 of his motion, and in an accompanying affidavit. Paragraph 4 provides:

I do not have any dollars to pay anything with, nor do I know where or how to find any, and therefore [sic] cannot comply with demands for fees, costs and security denominated in "dollars".

The accompanying affidavit provides in relevant part:

1. I am and expect to be unable to pay the costs and bear the burden of extended and continued expenses of proceedings in the Circuit Court of Appeals for the 3rd Circuit...

2. ... I have no property which can be converted to money.... My liabilities nearly equals [sic] or exceeds [sic] my money assets and available means.... I do not have any dollars with which to pay; I am unable to comply with the demand for fees, costs, or securities denominated in dollars; that it will work an extreme hardship on myself and my family; and that to deny me leave to proceed in forma pauperis will prevent me from providing for myself and my dependents the necessities of life....

■ Defendant's affidavit is legally insufficient for several reasons. First, it fails to state the facts concerning the affiant's poverty with any degree of particularity, definiteness, or certainty. *United States v. Pennsylvania,* 312 F.Supp. 1, 2 (E.D.Pa. 1969); *compare* Form 4, Appendix Fed.R. App.P. 24. This deficiency alone, however, would not necessarily preclude the Court from granting defendant's motion.[2] It is the additional arguments that the defendant presents in his brief in support of his motion that are fatal to his assertion of impecuniosity.

The defendant essentially claims that he is impecunious because he has no "dollars".[3] More specifically, defendant claims he is actually bankrupt because he has no "dollars" with which *to pay* his debts.[4] Defendant claims he has no dollars because, according to the defendant, there are no such thing as "dollars".[5] Defendant claims that there are only Federal Reserve Notes, which are not equivalent to dollars.[6] Federal Reserve Notes can only *discharge* debt, not *pay* it, and therefore defendant is impecunious because he cannot pay his debts.[7]

■ Defendant's spurious and semantical arguments concerning the term "dollar" demonstrates that defendant is not impecunious as is required by 28 U.S.C. § 1915(a) and Fed.R.App.P. 24(a). Defendant will not be denied access to the federal courts if his motion is dismissed. *See Ward v. Werner, supra* at 640. The federal courts, contrary to defendant's belief, will accept his "Federal Reserve Notes" as a medium of payment to cover his court costs on appeal.[8]

Even assuming *arguendo* that defendant is impecunious, both Section 1915(a) and Rule 24(a) gives this Court discretion to deny a motion to proceed in forma pauperis on appeal if, in the view of this Court, the appeal is not taken in good faith. *Adkins v. E.I. du Pont de Nemours & Co., Inc., supra.* Appellate review is not made in good faith when a litigant seeks review of issues that are frivolous when viewed from an objective standard. *Coppedge v. United States,* 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962). In this case, the defendant seeks review of issues that are frivolous and the motion to proceed in forma pauperis can be denied on this distinct ground.[9]

---

2. Defendant has offered to allow this Court to examine documents pertaining to his financial condition *in camera.* Defendant's Motion ¶ 3.

3. Defendant's Brief at 2.

4. *Id.* at 3.

5. *Id.* at 2.

6. *Id.* at 3.

7. *Id.* at 3.

8. Defendant's Brief at 3.

9. It is true that once a litigant, particularly a *pro se* litigant, has demonstrated poverty, his *complaint* usually should not be dismissed on the grounds of frivolity. *Sinwell v. Shapp,* 536 F.2d 15, 19 (3d Cir.1976). The rationale for this rule is that an indigent litigant is entitled to have his claim reviewed as fully and fairly as

The essence of defendant's appellate claim is that he has no obligation to pay taxes and therefore no obligation to respond to the IRS summons. Defendant believes that he is not a "person" within the meaning of the Internal Revenue Code of 1954. *See United States v. Slater,* 545 F.Supp. 179 (D.Del.1982). As the opinion in *Slater* indicates, defendant's position is devoid of merit, and frivolous, unless he is not a United States citizen.[10] *Id.* at 182.

Defendant's additional claim is that the IRS request to produce certain documents relating to defendant's tax liability violates his fourth and fifth amendment rights. Defendant's blanket constitutional objections to the IRS summons are devoid of merit in light of established law. *Id.* at 182–183.

Thus, the appeal is not made in good-faith within the meaning of 28 U.S.C. § 1915(a) and Fed.R.App.P. 24(a). *Coppedge v. United States, supra.* In addition, defendant's affidavit of poverty does not establish impecuniosity because it is insufficiently detailed and defendant has, to the satisfaction of this Court, indicated that he has the means to pay his court costs. *See Defendant's Brief in Support of Motion for Leave to Proceed In Forma Pauperis.* Therefore, defendant's motion to proceed in forma pauperis will be denied. An order will be entered in accordance with this Opinion.

any other litigant. *See McTeague v. Sosnowski,* 617 F.2d 1016, 1019 (3d Cir.1980); *but compare Wartman v. Branch 7, Civil Div., Milwaukee County Court,* 510 F.2d 130, 134 (7th Cir.1975). This rule, however, applies when a district court seeks to deny a motion to proceed in forma pauperis simply because of the frivolity of an indigent litigant's complaint. The right to proceed on appeal in forma pauperis, after the district court has fully reviewed all of the claims, presents a different circumstance. In such a situation, the court already has reviewed fully the litigant's claims, and is in a much better position to ascertain whether the issues raised are frivolous. Therefore, the rule discussed in *Sinwell v. Shapp, supra,* has no bearing in a case like this one, where the litigant seeks to proceed in forma pauperis on appeal.

10. Defendant has not made this assertion.