MARY R. THOMAS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; WILBER M. THOMAS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thomas v. Commissioner
Docket Nos. 7634-83, 7635-83.
United States Tax Court
T.C. Memo 1984-217; 1984 Tax Ct. Memo LEXIS 455; 47 T.C.M. (CCH) 1680; T.C.M. (RIA) 84217; April 25, 1984. Wilber M. Thomas, for the petitioners. Linda J. Bourquin, for the respondent. KORNER
MEMORANDUM OPINION "KORNER, Judge: In these cases, consolidated by order of this Court for the purposes of trial, briefing and opinion, respondent *456 by separate notices of deficiency determined identical amounts of deficiencies in tax and additions to tax against each petitioner for the calendar years 1979 and 1980, as follows: CALENDAR
ADDITIONS TO TAX UNDER
YEARS
DEFICIENCY
SEC. 6651(a)(1)
SEC. 6653(a) [1]
1979
$1,826
$456.50
$91.30
1980
$1,151
$287.75
$57.55
In the identical notices of deficiency issued to each petitioner, respondent's determinations of tax and additions to tax were based, inter alia, on respondent's determination that the marital community, of which petitioners were members, received taxable income from wages in each of the years in question as follows: YEAR
WAGES
1979
$20,248
1980
$17,484
Respondent accordingly attributed one-half of such community income to each of petitioners, in the respective amounts of $10,124 and $8,742, or a total of wage income for each petitioner for the two years in issue of $18,866. Respondent's *457 statutory notices asserted additions to tax against each petitioner under section 6651(a), based upon petitioners' failure to file tax returns for the years in issue, without reasonable cause. Additions to tax under section 6653(a) were also proposed, based upon respondent's determination that petitioners were guilty of negligence or intentional disregard of rules and regulations. [2]
Both respondent's statutory notices of deficiency were issued on January 4, 1983, and the petitions herein were timely filed on April 2, 1983. During the years in question, as well as at the time of filing the petitions herein, petitioners, husband and wife, were residents of the State of Louisiana, a community property state. In their identical petitions herein, petitioners alleged error on the part of respondent as to the taxability of the above wage income, and as to the additions to tax under sections 6651(a) and section 6653(a). With respect to these issues, the only material allegations of fact contained *458 in the petitions were: (a) That each petitioner had received, as a community property share, the exact amount of income from services, and from exactly the same sources (certain named companies), as determined in respondent's statutory notices. (b) That petitioners had filed no income tax returns for the years 1979 and 1980. These allegations were admitted in respondent's answer. The remainder of the petitions raised the now-discredited and frivolous tax protester arguments that wages were not income subject to tax, and that petitioners were not persons required to file income tax returns. After the pleadings were closed, respondent moved for summary judgment, and the case came before the Court in this posture. In order to succeed in his motion for summary judgment, respondent must "show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). A motion for summary judgment is proper and will be granted where no facts have been pleaded showing a genuine issue for trial. Knighten v. Commissioner,702 F.2d 59 (5th Cir. 1983), affg. an unreported decision of this Court; Perkins v. Commissioner,T.C. Memo. 1983-474. *459 As outlined above, the pleadings show that there are no material issues of fact which are in dispute and which would affect the issues before the Court. The parties are in agreement that petitioners filed no income tax returns for the years 1979 and 1980, and the taxable income which respondent determined as being income from wages or services in these two years are in the exact amount which petitioners alleged in their petitions. There are accordingly no disputed facts in this record which would require a trial on the merits. Petitioners' frivolous tax protester arguments that income from wages does not constitute taxable income, and that petitioners are not those required to file income tax returns, are completely without merit and require no scholarly discussion. Gross income means all income from whatever source derived including (but not limited to) wages. Section 61; Rowlee v. Commissioner,80 T.C. 1111 (1983); Crisman v. Commissioner,T.C. Memo. 1980-361, affd. by unpublished order, (5th Cir. 1981), and cases cited therein. Petitioners are individuals required to file valid Federal income tax returns for the years here in issue. Sections 6011, 6012, 7701(a)(1); *460 Graf v. Commissioner,T.C. Memo. 1982-317, affd. without published opinion 723 F.2d 914 (7th Cir. 1983); United States v. Slater,545 F. Supp. 179 (D. Del. 1982). Gross income earned by husband and wife domiciled in Louisiana is taxable one-half to each spouse, irrespective of which spouse earned the income. United States v. Mitchell,403 U.S. 190 (1971); see La. Civ. Code Ann., arts. 2336, 2338 (West Supp. 1982). Respondent's determinations in his notices of deficiency are presumed correct, and the burden of proof is on petitioners to show those determinations are wrong, and the imposition of the burden of proof upon petitioners is constitutional. Welch v. Helvering,290 U.S. 111 (1933); Rockwell v. Commissioner,512 F.2d 882, 887 (9th Cir. 1975), cert. denied 423 U.S. 1015; Rule 142(a). Petitioners have thus alleged no material facts which would avoid the imposition of tax upon their income from services. Further, they have alleged no facts at all to avoid respondent's assertion of additions to tax against them under the provisions of sections *461 6651(a) or 6653(a), both issues again being those on which the burden of proof rested upon petitioners. Crisman v. Commissioner,supra;Neubecker v. Commissioner,65 T.C. 577, 586 (1975); Enoch v. Commissioner,57 T.C. 781, 803 (1972). The pleadings of the parties form the basis for the Court's findings of fact. "There being nothing in the record upon which the Board can make findings of fact which will sustain the position taken by the taxpayer, the deficiency determined by the Commissioner must be approved." Buffalo Wills-Sainte Claire Corp. v. Commissioner,2 B.T.A. 364, 365 (1925). Respondent's motions for summary judgment are therefore proper and will be granted in every respect. The record herein shows that at the time respondent filed his answers in these cases, he also sent identical letters to each petitioner in which he pointed out that the only issues raised in the petition were the frivolous and meritless tax protester arguments described above. Respondent warned petitioners that, unless they came forward with substantive issues in these cases, respondent would move for the imposition of damages *462 against petitioners under the provisions of section 6673. Respondent's attorney who sent these letters specifically called petitioners' attention to the fact that the cases were no longer within the Internal Revenue Service but were before the Tax Court, that she was the attorney representing respondent in both cases, and she offered petitioners an opportunity to confer with her with regard to any substantive issues that might be present in the case. Petitioners responded to this letter, in effect denying the jurisdiction of respondent's attorney over the cases and refusing to have anything to do with her.At the time respondent filed his motions for summary judgment in the instant cases, therefore, respondent also filed motions for the imposition of damages against petitioners under section 6673. [3]
*463 As we have previously noted, the pleadings herein raise no issues as to any material facts, but are simply a rehash of frivolous and meritless tax protester issues. The situation was called to petitioners' attention by respondent, who invited petitioners to come in and raise any substantive issues which might be present in the case, and warned petitioners that respondent intended to seek damages upon petitioners' failure to do so. The offer was refused. Even further, long before the instant cases were heard by the Court in January 1984, these same petitioners had summary judgment entered against them by this Court for the years 1976, 1977 and 1978, in another consolidated case, based upon pleadings and facts which are substantially identical to those presented in the instant cases. Such summary judgments were entered in August 1983, [4] pursuant to the Court's Memorandum Sur Order, served on petitioners, which fully dealt with the lack of merit in the positions which they had taken for those years, and which are the same frivolous and meritless positions taken herein. [5]
*464 Petitioners were thus on full and complete notice that their positions were completely without merit, long before the time the instant cases came on for hearing. They persistently ignored the teaching of this Court in their prior cases, and brushed aside respondent's warnings in the instant cases. Instead, they filed lengthy and tendentious oppositions both to the motions for summary judgment and the motions for damages, to which they attached pages of tax protester "legal authorities," of the type which have been seen by this Court so often in recent years that it appears clear that they are prepackaged protest materials supplied to petitioners like these from outside sources. It is therefore clear to the Court that, at least by August 1983, petitioners were fully aware that their legal arguments were completely without merit. In McCoy v. Commissioner,76 T.C. 1027, 1029 (1981), affd. 696 F.2d 1234 (9th Cir. 1983), we said It may be appropriate to note further that this Court has been flooded with a large number of so-called tax protester cases in which thoroughly meritless issues have been raised in, at best, misguided reliance upon lofty *465 principles. Such cases tend to disrupt the orderly conduct of serious litigation in this Court, and the issues raised therein are of the type that have been consistently decided against such protesters and their contentions often characterized as frivolous. The time has arrived when the Court should deal summarily and decisively with such cases without engaging in scholarly discussion of the issues or attempting to soothe the feelings of the petitioners by referring to the supposed "sincerity" of their wildly espoused positions. The above quotation fits the instant case perfectly. The petitioners' positions herein are groundless and frivolous and they knew it. In spite of ample warning, they persisted in their frivolous appeals, costing the Government and this Court many man hours of time which could have been better spent in dealing with the thousands of other cases which are pending before this Court. We will no longer allow ourselves to be imposed upon in this fashion, to the detriment of sincere taxpayers with meritorious issues to be decided. We accordingly impose damages against petitioners in favor of the United States under section 6673 in the amount of $1,500 as to *466 each petitioner. Abrams v. Commissioner,82 T.C. 403 (1984); Coulter v. Commissioner,     82 T.C.     (filed April 4, 1984); Wilkinson v. Commissioner,71 T.C. 633 (1979); Grimes v. Commissioner, 82 T.C.     No. 22 (1984); cf. Parker v. Commissioner,724 F.2d 469, (5th Cir. 1984), affg. T.C. Memo. 1983-75. Decisions will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the year in issue, and all references to Rules are to the Rules of Practice and Procedure of the Tax Court, except as otherwise noted.↩
2. Respondent's statutory notices also made certain other adjustments to petitioners' income, which petitioners have not placed in issue and which will not be considered further herein.↩
3. Effective for cases commenced in this Court after December 31, 1982, sec. 6673 reads as follows: SEC. 6673. DAMAGES ASSESSABLE FOR INSTITUTING PROCEEDINGS BEFORE THE TAX COURT PRIMARILY FOR DELAY, ETC. Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.↩
4. Said cases were appealed to the Court of Appeals for the Fifth Circuit on November 16, 1983. ↩
5. This Court will take judicial notice of its own records. Fed. R. Evid. Rule 201(b); Rule 143(a), Tax Court Rules of Practice and Procedure; see United States v. Verlinsky,459 F.2d 1085↩ (5th Cir. 1972).