Craig S. ADAMS, Plaintiff–Appellant,

v.

Gary D. JAMES, Connie Van Amberg Roberts, and James Van Amberg, Defendants–Respondents.

No. 63322.

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 4, 1994.

Craig S. Adams, pro se.

No appearance for defendants-respondents.

KAROHL, Judge.

On May 1, 1992, Craig S. Adams filed a petition for damages alleging defamation by Gary D. James, age sixteen, consisting of statements accusing plaintiff of criminal acts. He alleged Connie Van Amberg Roberts, the mother of Gary D. James, was liable because she aided in the publication of the libelous statements by acting with her son with a common and agreed upon purpose. He alleged that defendant James Van Amberg, the stepfather of Gary D. James, advised, aided and approved of the false statements. On September 14, 1992, the trial court entered an order which either dismissed the petition for failure to state a cause of action or granted summary judgment after finding plaintiff's cause of action is barred by the statute of limitations.

The petition was filed by the plaintiff pro se while serving a prison sentence in Jefferson City, Missouri. *See, State v. Adams,* 791 S.W.2d 761 (Mo.App.1990). He has appealed pro se. Defendants have not participated in the appeal.

This appeal is from the following order: Testimony presented. Motion to Dismiss taken up & SUSTAINED. Cause dismissed. Cause is beyond Statute of Limitations & court is therefore without jurisdiction. In addition; Plaintiff has failed to state a cause of action.

For a number of procedural and substantive reasons the judgment is reversed and the cause remanded.

The procedural defects include: (1) the failure of the court to appoint a guardian ad litem for Gary D. James, a minor; (2) a failure to give notice of hearing on a motion to dismiss filed by only one defendant, James Van Amberg, the only event scheduled for the day of the hearing and order was a "motion/review"; (3) an entry of dismissal for failure to state a cause of action where no motion was made and no grounds alleged which pertained to defendants Gary D. James and Connie Van Amberg Roberts, and the motion filed by defendant James Van Amberg addressed only the allegations in the petition relating to that defendant; (4) the absence of any pleading in the form of a motion or an answer by defendants Gary D. James and Connie Van Amberg Roberts; (5) the failure of the court to rule on a motion filed by plaintiff on August 24, 1992, for a writ of habeas corpus ad testificandum, or alternative relief, in order to be present at a scheduled "review" for September 14, 1992; and, (6) holding a hearing which included sworn testimony of defendants in the absence of plaintiff and in the absence of notice.

The order of dismissal or summary judgment is substantively defective because the trial court found it was without jurisdiction because the cause of action "is beyond statute of limitations." The statute of limitations is an affirmative defense. It was not pleaded. If pleaded, it is not a legal ground which would divest a trial court of jurisdiction even where it may become a sufficient defense as a matter of law.

The order was void for lack of notice. *Gladden v. Kansas City,* 411 S.W.2d 228, 229 (Mo.1967). If the judgment is viewed as a summary judgment based on the statute of limitations issue, then the requirements of notice contained in Rule 74.04(c) were not satisfied. If the judgment was a dismissal, it was entered on behalf of all three defendants on either of two grounds, (1) failure to state a cause of action or (2) absence of jurisdiction because of the statute of limitations. The court stated an intention to enter summary judgment. On the record, at the end of the "review" the court said:

I'm going to dismiss this. I'm going to take the motions [sic] to dismiss as motions for summary judgment and I'll take the motions to dismiss with the case. I'm going to dismiss it, first of all, as I think was pointed out somewhere, this is beyond

the statute of limitations for slander. This happened in 1987, the lawsuit wasn't filed until 1992.

The trial court reference to the statute of limitations as a ground for dismissal and the reference to the statute of limitations as an impediment to jurisdiction are misstatements and misapplications of the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Entry of summary judgment was error where it was entered without notice and an opportunity to be heard, particularly where there was pending a request for assistance of the court to be present and that request was not ruled prior to the court proceeding.

On remand defendants Gary D. James, a minor, and Connie Van Amberg Roberts may be granted time to file responsive pleadings within a reasonable period.

The judgment of September 14, 1992 is reversed and the cause remanded. Costs waived.

SIMON, P.J., and PUDLOWSKI, J., concur.