70 F.3d 123
 76 A.F.T.R.2d 95-7805
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John BENSON and Glenn Ambort, Plaintiffs-Appellants,
v.
UNITED STATES of America; Christopher L. Cardani, Assistant
U.S. Attorney; Joseph Cloonan, Director, IRS Service
Center, Philadelphia, Pennsylvania; Michael Bigelow,
Director, IRS Service Center, Ogden, Utah; Carol Fay, IRS
District Director, Salt Lake City, Utah; Carolyn Leonard,
IRS District Director, Portland, Oregon; Michael Wakamatsu,
Acting Chief, IRS Criminal Investigation Division, Portland,
Oregon; Peter Lalic, Chief, IRS Criminal Investigation
Division, Portland, Oregon; S. Ted Elder, IRS Special Agent
Badge # 4857; Robert D. Manes, IRS Special Agent; James
Judd, IRS Special Agent; Jerry R. Wight, IRS Special Agent;
Rick Raven, IRS Special Agent; Greg Berent, IRS Special
Agent; Jerold Pierce, IRS Special Agent; J. Thomas
Hampton, IRS Agent Badge # 4724; M. Denise Gailey, IRS
Agent Badge # 4477; Michael Berry, IRS Agent; Curt
Jackson, IRS Agent Badge # 4060; Louis Pampfilio; Cheryl
Johnson, IRS Agent; Karen Hong, IRS Agent; Robert
Zavaglia, Chief of Criminal Investigation, IRS Salt Lake
City, Utah District; Dale Gailey, IRS Special Agent;
Denise Garrett, IRS Tax Investigative Aide; Dennis Packard,
IRS Special Agent, Defendants-Appellees.
and
The STATE of Nevada; The State of Oregon; Daniel Calvert,
Sheriff, Josephine County, Oregon; Linda Mcglivary, Deputy
Sheriff, Josephine County, Oregon; Jim Brissette, Deputy
Sheriff, Josephine County, Oregon; David Clear, Deputy
Sheriff, Josephine County, Oregon; Ken E. Smith, Capacity
Unknown; Josephine County, State of Oregon, Defendants.
Glenn AMBORT, Plaintiff-Appellant,
and
John BENSON, Plaintiff,
v.
UNITED STATES of America; Christopher L. Cardani, Assistant
U.S. Attorney; Joseph Cloonan, Director, IRS Service
Center, Philadelphia, Pennsylvania; Michael Bigelow,
Director, IRS Service Center, Ogden, Utah; Carol Fay, IRS
District Director, Salt Lake City, Utah; Carolyn Leonard,
IRS District Director, Portland, Oregon; Michael Wakamatsu,
Acting Chief, IRS Criminal Investigation Division, Portland,
Oregon; Peter Lalic, Chief, IRS Criminal Investigation
Division, Portland, Oregon; S. Ted Elder, IRS Special Agent
Badge # 4857; Robert D. Manes, IRS Special Agent; James
Judd, IRS Special Agent; Jerry R. Wight, IRS Special Agent;
Rick Raven, IRS Special Agent; Greg Berent, IRS Special
Agent; Jerold Pierce, IRS Special Agent; J. Thomas
Hampton, IRS Agent Badge # 4724; M. Denise Gailey, IRS
Agent Badge # 4477; Michael Berry, IRS Agent; Curt
Jackson, IRS Agent Badge # 4060; Louis Pampfilio; Cheryl
Johnson, IRS Agent; Karen Hong, IRS Agent; Robert
Zavaglia, Chief of Criminal Investigation, IRS Salt Lake
City, Utah District; Dale Gailey, IRS Special Agent;
Denise Garrett, IRS Tax Investigative Aide; Dennis Packard,
IRS Special Agent, Defendants-Appellees.
The STATE of Nevada; The State of Oregon; Daniel Calvert,
Sheriff, Josphine County, Oregon; Linda McGlivary, Deputy
Sheriff, Josephin County, Oregon; Jim Brissette, Deputy
Sheriff, Josephine County, Oregon; David Clear, Deputy
Sheriff, Josephine County, Oregon; Ken E. Smith, Capacity
Unkown; Josephine County, State of Oregon, Defendants.
 Nos. 94-4182, 95-4061.
 United States Court of Appeals, Tenth Circuit.
 Nov. 13, 1995.
 
 Before MOORE, SETH, and EBEL, Circuit Judges.
 ORDER AND JUDGMENT[1]
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R.App. P. 34(a; 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs John Benson and Glenn Ambort, who at all times have proceeded pro se, appeal from an order of the district court granting summary judgment in favor of defendants on all but one issue in the underlying complaint. (No. 94-4182. Mr. Ambort appeals from the district court's subsequent order determining he failed to state a claim in the remaining issue, pertaining only to him. (No. 95-4061.
 
 
 3
 In their complaint, both plaintiffs raised various allegations under the Privacy Protection Act, 42 U.S.C.2000aa, 2000aa-7, 2000aa-11 (PPA; Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388(1971; the First, Fourth, Fifth, Eighth and Fourteenth Amendments; and other state and federal constitutional provisions against state and federal defendants concerning a federal investigation and execution of search warrants in Grants Pass, Oregon, and Las Vegas, Nevada.[2] Mr. Ambort also alleged entitlement to a tax refund. The federal defendants moved to dismiss all claims but the tax refund claim. They attached exhibits to the motion. Plaintiffs responded by filing a brief in opposition, declarations, and exhibits. Converting the motion to dismiss to a motion for summary judgment, the district court granted summary judgment on all claims except the tax refund claim. The district court determined (1 the PPA did not apply because plaintiffs were suspects in a criminal investigation and the information seized did not fall within the communication exception to the PPA; (2 the claims that defendants submitted false affidavits to obtain search warrants failed as a matter of law; (3 the Grants Pass search warrant, by plaintiffs' own admission, did not lack particularity; and (4 the federal defendants were entitled to qualified immunity on the remaining claims.
 
 
 4
 Thereafter, plaintiffs moved for reconsideration arguing they did not receive proper notice that the federal defendants' motion to dismiss would be converted to a motion for summary judgment. The district court denied the motion after determining that plaintiffs had submitted materials outside the pleadings and therefore could not claim that they lacked notice. The district court also noted that plaintiffs failed to object to defendants' introduction of materials outside the pleadings. Because the district court's prior order had disposed of all claims except the distinct and separate tax refund claim, the district court entered final judgment under Fed.R.Civ.P. 54(b, reserving only the refund claim for further proceedings. Plaintiffs appealed.[3] (No. 94-4182.
 
 
 5
 Subsequently, the federal defendants filed a motion to dismiss Mr. Ambort's claim for refund of taxes for failure to state a claim upon which relief may be granted, Fed.R.Civ.P. 12(b (6, because Mr. Ambort's sole basis for refund was that as a nonresident alien he is not subject to taxation. The district court granted the motion. Mr. Ambort appealed. (No. 95-4061. The district court denied leave to proceed on appeal in forma pauperis.
 
 
 6
 Although plaintiffs have filed separate briefs on appeal, they join in each others' briefs. Mr. Ambort argues the district court erred in granting summary judgment because plaintiffs had made requests for discovery and there are genuine issues of material fact regarding the PPA, Bivens, and other claims. Mr. Benson argues (1 he had no notice the district court would convert the motion to dismiss to a motion for summary judgment, and, if he had had notice, he would have made a Fed.R.Civ.P. 56(f motion; (2 they did not fail to state a claim upon which relief could be granted; and (3 the federal defendants are not entitled to immunity. We affirm.
 
 
 7
 "We review the district court's grant of summary judgment de novo, construing all facts and reasonable inferences in a light most favorable to the nonmoving party." Public Serv. Co. v. Continental Casualty Co., 26 F.3d 1508, 1513(10th Cir.1994. Summary judgment is appropriate when "there is no genuine issue as to any material fact" and the movant "is entitled to a judgment as a matter of law." Rule 56(c.
 
 
 8
 Plaintiffs argue the district court erred in not giving them notice that the motion to dismiss would be converted to a motion for summary judgment and in granting summary judgment even though they had made numerous requests for discovery. Plaintiffs believe they did everything short of filing a Rule 56(f motion, and the district court was aware they lacked access to relevant discovery information.
 
 
 9
 When a motion to dismiss raises matters outside the pleadings, it shall be treated as a motion for summary judgment, and the opposing party shall be given notice of such treatment in order to be permitted to file affidavits in opposition to summary judgment. Building & Constr. Dep't v. Rockwell Int'l Corp., 7 F.3d 1487, 1495-96(10th Cir.1993. Failure to provide adequate notice that a motion to dismiss is to be treated as a motion for summary judgment is reversible error. Id. at 1496. There is no reversible error or need for formal notice in this case, however, since plaintiffs produced evidence outside of the pleadings. See id.; Wheeler v. Hurdman, 825 F.2d 257, 260(10th Cir., cert. denied, 484 U.S. 986(1987. "Pro se litigants [like plaintiffs] are subject to the same rules of procedure that govern other litigants." DiCesare v. Stuart, 12 F.3d 973, 979(10th Cir.1993. We conclude the district court did not err in treating the motion to dismiss as a motion for summary judgment without giving plaintiffs notice of such treatment.
 
 
 10
 We have reviewed the briefs, record on appeal, and relevant case law concerning the remainder of plaintiffs' arguments on appeal and conclude the district court correctly decided those issues. Accordingly, we affirm for substantially the reasons stated by the district court.
 
 
 11
 Mr. Ambort argues that the district court erred in granting appellees' motion to dismiss his tax refund claim for failure to state a claim upon which relief may be granted. He has also filed a motion for leave to proceed on appeal without prepayment of costs or fees. The motion is granted.
 
 
 12
 Mr. Ambort's argument that he is a nonresident alien not subject to taxation is frivolous. It is well settled that Mr. Ambort, a United States citizen born in California and living in the United States, is subject to the tax laws. See 26 C.F.R. 1.1-1(b, (c (all citizens of United States liable for income taxes and every person born in United States is citizen of United States; Lonsdale v. United States, 919 F.2d 1440, 1448(10th Cir.1990(rejecting argument that individual who is a citizen of a state is not a person under Internal Revenue Code as "completely lacking in legal merit and patently frivolous"; United States v. Hanson, 2 F.3d 942, 945(9th Cir.1993(rejecting allegation in criminal case that person who was natural born citizen of Montana and nonresident is not a taxpayer or subject to tax laws as "utterly meritless"; United States v. Slater, 96 F.R.D. 53, 55-56(D. Del.1982(denying in forma pauperis status on appeal and determining plaintiff's claim of no obligation to pay taxes because he is not person within meaning of Internal Revenue Code was frivolous.
 
 
 13
 Upon consideration of the briefs and record on appeal in appeal No. 94-4182, we AFFIRM the judgment of the district court for substantially the reasons stated by the district court in its orders of June 3 and 27, 1994. We also AFFIRM the judgment of the district court in No. 95-4061. The mandates shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 On appeal, plaintiffs do not contest the district court's determination that it lacked personal jurisdictional over the nonfederal defendants and dismissal of all claims against these defendants
 
 
 [3]
 The district court granted plaintiffs' motion for leave to proceed in forma pauperis