United States Bankruptcy Appellate Panel
**FOR THE EIGHTH CIRCUIT**

_____

No. 98-6021 WM
_____

In re:    Anthony Ray Inman,    *
                                *
          Debtor.              *
                                *
Craig S. Adams,                 *   Appeal from the United States
                                *   Bankruptcy Court for the
     Appellant,                *   Western District of Missouri
                                *
          v.                    *
                                *
Anthony Ray Inman,              *
                                *
     Appellee.                 *


_____

Submitted: March 17, 1998
Filed: March 26, 1998
_____

Before WILLIAM A. HILL, SCOTT and DREHER, Bankruptcy Judges.
_____

SCOTT, Bankruptcy Judge.

Appellant Adams  was convicted of arson and second degree murder in 1988.  The debtor in this case was convicted with Adams, although on lesser offenses.  Adams obtained a default judgment against the debtor for defamation,[1] and, upon the debtor filing a case under chapter 7 of the bankruptcy code, filed a complaint to determine dischargeability of

_____

[1]Adams claimed that Inman defamed him by reporting to the police that Adams had hired him to set the fire in which a woman was killed.

debt under section 523(a)(6) of the Bankruptcy Code. Adams requested and was granted leave to proceed _in forma pauperis_ under 28 U.S.C. § 1915, the Prisoner Litigation Reform Act of 1996. Subsequently, the bankruptcy court granted summary judgment in the debtor's favor and the complaint was dismissed. Adams appealed from that order and requested leave to proceed _in forma pauperis_ on appeal.[2] The bankruptcy court[3] denied the motion for three reasons:

(1) Adams paid only $4.46 of the fees required to be paid under 28 U.S.C. § 1915 in violation of the bankruptcy court's order that the fees be paid over time.

(2) The bankruptcy court certified in writing that the appeal was not taken in good faith. 28 U.S.C. § 1915(a)(3).

(3) The appeal was frivolous and the action failed to state a claim for which relief could be granted. 28 U.S.C. § 1915(e)(2).

---

[2]28 U.S.C. § 1915 also establishes a "three strikes, you're out" rule. Under 1915(g), a prisoner may not bring a civil action or appeal if the prisoner has, on three or more prior occasions brought an action or appeal that was dismissed on the grounds that it was frivolous, malicious, or fails to state claim. Adams now has at least two strikes against him. See Adams v. Vanwormer, 910 S.W.2d 829 (Mo. Ct. App. 1995)(affirming trial court dismissal of petition as a "frivolous lawsuit without merit."); see also Green v. Nottingham, 90 F.3d 415, 418 (10th Cir. 1996)(court may take judicial notice that prisoner had other actions dismissed as frivolous). In addition to the statutory three-strikes rule, the filing of prior, frivolous appeals may be considered in determining whether to grant an application to proceed in forma pauperis. See In re McDonald, 489 U.S. 180 (1989).

[3]The Honorable Arthur B. Federman, United States Bankruptcy Judge for the Western District of Missouri. Judge Federman's opinion is the tenth of a series of opinions arising from Adams' civil and criminal appeals. See Adams v. Vanwormer, 910 F.W.2d 829 (Mo. Ct. App. 1995); Adams v. James, 9006 S.W.2d 869 (Mo. Ct. App. 1995); Adams v. Ware, 901 S.W.2d 269 (Mo. Ct. App.), cert. denied, 116 S. Ct. 390 (1995); Adams v. Groose, 889 S.W.2d 175 (Mo. Ct. App. 1994); Adams v. Vanwormer, 892 S.W.2d 655 (Mo. Ct. App. 1994), cert. denied, 116 S. Ct. 141 (1995); Adams v. Inman, 892 S.W.2d 651 (Mo. Ct. App. 1994), cert. denied, 116 S. Ct. 140 (1995); Adams v. James, 868 S.W.2d 161 (Mo. Ct. App. 1994); Adams v. Moore, 861 S.W.2d 680 (Mo. Ct. App. 1993); State v. Adams, 791 S.W.2d 761 (Mo. Ct. App. 1990).

Finding no error of law or fact, we affirm the bankruptcy court's decision to deny leave to appeal <u>in forma pauperis</u>.

Adams first argues that 28 U.S.C. § 1915 is inapplicable to bankruptcy proceedings such that the strictures of that statute do not apply. Section 1915 permits any court of the United States[4] to authorize the commencement of any suit, action or proceeding, civil or criminal, or an appeal therein, without prepayment of fees. Prisoners, however, although they may <u>commence</u> an action or appeal, must make monthly payments until the filing fee is paid. 28 U.S.C. § 1915(b)(2). Without the application of section 1915, there is no statutory right by any person to proceed <u>in forma pauperis</u> in any bankruptcy proceeding.[5] 28 U.S.C. § 1930 specifically requires prepayment of fees before bankruptcy cases or proceedings may go forward. Indeed, there is a split of authority as to whether, even with the application of section 1915, that <u>in forma pauperis</u> status is available in bankruptcy appeals. <u>Compare</u> <u>In re Meuli</u>, 162 B.R. 327, 329 (Bankr. D. Kan. 1993)(<u>in forma pauperis</u> status available) with <u>In re Fitzgerald</u>, 167 B.R. 689 (Bankr. N.D. Ga. 1994)(<u>in forma pauperis</u> status not permitted in bankruptcy cases); <u>In re Brickey</u>, 119 B.R. 786 (Bankr. D. Ore. 1990)(§1930 excepts application of §1915 in bankruptcy cases, including appeals). Thus, if Adams is correct in his assertion that section 1915 does not apply to bankruptcy proceedings, his application to proceed <u>in forma pauperis</u> before this court must be denied. Moreover, if Adams is correct, the bankruptcy court had no authority to grant his original application to file the complaint to determine dischargeability <u>in forma pauperis</u> such that the complaint was

---

[4]There is a split of authority as to whether the bankruptcy court is a "court of the United States," as that term is used in title 28. <u>Compare</u> <u>Jones v. Bank of Santa Fe</u> (<u>In re Courtesy Inns, Ltd.</u>), 40 F.3d 1084 (10th Circuit 1994)(bankruptcy court is not a court of the United States) with <u>In re</u> TCI, Ltd., 769 F.2d 441 (7th Cir. 1985)(bankruptcy court is a court of the United States).

[5]Although the Bankruptcy Reform Act of 1994, Pub. L. No. 103-394 (Oct. 22, 1994), established certain pilot district in which debtors were permitted to proceed <u>in forma pauperis</u>, the Western District of Missouri is not one of those districts.

subject to dismissal for failure to pay the appropriate filing fee.

Section 1915 provides that the Court may authorize an appeal without prepayment of the required fee upon affidavit that the applicant is unable to pay such costs.[6]  However, if

---

[6]We do not specifically decide in this appeal whether section 1915 applies in bankruptcy cases and proceedings.

the trial court certifies that the appeal is not taken in good faith, <u>in forma pauperis</u> status is unavailable. Analysis under section 1915 thus has two prongs: the applicant must demonstrate an inability to pay and objective good faith in the appeal. <u>Martin-Trigona v. Stewart</u>, 691 F.2d 856 (8th Cir. 1982). This Court has reviewed the record in this case and agrees with the bankruptcy court's findings of law and fact with regard to its determination of the application to proceed <u>in forma pauperis</u> on appeal. <u>Cf</u>. <u>United States v. Slater</u>, 96 F.R.D. 53, 55 n.9 (D. Del. 1982)("The right to proceed on appeal in forma pauperis, after the district court has fully reviewed all of the claims, presents a different circumstance. In such a situation, the court already has reviewed fully the litigant's claims, and is in a much better position to ascertain whether the issues raised are frivolous."); <u>see generally</u> <u>Mann v. Frank</u>, No. 90-1122-CV-W-5, 1992 WL 219800 (W.D. Mo. Sept. 2, 1992). The appeal is manifestly frivolous and not taken in good faith. The bankruptcy court addressed each of Adams' legal arguments, including the rather bizarre assertion that section 1915 constitutes a Bill of Attainder in violation of the U.S. Constitution. Adams' Motion for Leave to Appeal <u>in Forma Pauperis</u> before this court being without merit, the Motion is denied. Appellant shall submit the appropriate fee to the clerk of the Bankruptcy Appellate Panel for the Eighth Circuit within twenty (20) days of entry of this Order.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT.

6