# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

———

No. 98-6053EM

———

| | | |
|---|---|---|
| In re: | * | |
| | | * |
| LAWRENCE PERRY, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| LAWRENCE PERRY, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Appellant, | * | Eastern District of Missouri |
| | * | |
| -v.- | * | |
| | | * |
| SECRETARY OF HOUSING AND | * | |
| URBAN DEVELOPMENT, | * | |
| | * | |
| Appellee. | * | |

———

Submitted: July 8, 1998
Filed: August 6, 1998

———

PER CURIAM.

The matter presently before the court arises in an appeal from the bankruptcy court's order terminating the automatic stay and barring Debtor from filing another bankruptcy case for 180 days. By order dated June 1, 1998, the bankruptcy court terminated the automatic stay under 11 U.S.C. § 362 to allow the Secretary of Housing and Urban Development, Appellee, to foreclose on the Appellant's real property. In his notice of appeal filed with the bankruptcy court, the Appellant requested a stay of the foreclosure sale, waiver of costs,

appointment of counsel, and reconsideration of the bankruptcy court's order. By order dated June 16, 1998, the bankruptcy court denied each of these motions. The Appellant has now filed an "emergency motion" with this court, requesting that we enter an order staying the sale of his property and/or staying his eviction from the property pending appeal; granting him leave to proceed in forma pauperis on appeal; and, appointing counsel to represent him throughout the appeal.

We first consider appellant's request for leave to proceed in forma pauperis and for the appointment of counsel. Appellant has filed two separate unsworn affidavits in which he avers generally that he is without funds to pay or assets to secure the filing fee or to obtain counsel on appeal. He cites to no statute or precept of constitutional law which would provide him such relief. Section 1915(a) of Title 28 permits, but does not require, a court of the United States[1] to waive a filing fee and to request that an attorney represent any person who is actually impoverished and indigent. This statute applies to nonprisoner[2] and to civil cases, although its most common use has been by prisoners who claim indigence and prison abuse. See Lefkowitz v. Citi-Equity Group, Inc., -- F.3d --, 1998 WL 32775, *2 (8th Cir. 1998); Roller v. Gunn, 107 F.3d 227, 230 (4th Cir. 1997). Indeed, it was the abuse by prisoners who flooded the courts with prisoners' rights litigation that caused Congress to pass the Prison Litigation Reform Act, thereby amending § 1915 so as to require prisoners to pay

---

[1]     In Adams v. Inman, 218 B.R. 458, 459 (B.A.P. 8th Cir. 1998) we recognized the split of authority on the question of whether 28 U.S.C. § 1915 applies in bankruptcy proceedings at all. As we did in Adams, however, because of our disposition on this case, we also decline to resolve the issue in this case.

[2]     In spite of its rather awkward wording, "any court of the United States may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a *person* who submits an affidavit that includes a statement of all assets such *prisoner* possesses . . .," § 1915(a) is not limited to prisoner cases. See Floyd v. U.S. Postal Service, 105 F.3d 274, 275-77 (6th Cir. 1997); Kane v. Lancaster County Dep't of Corrections, 960 F. Supp. 219, 220 n.1 (D. Neb. 1997) ("[T]o the extent this language literally means that in forma pauperis status can be granted only to prisoners, I reject that interpretation as absurd"); In re Woodman, 213 B.R. 53, 54 n.5 (Bankr. D. Conn. 1997) ("[I]t is apparent that the term 'prisoner' in section 1915(a)(1) is a typographical error and that Congress actually intended the term to be 'person.'")

some portion of the costs of pursuit of these appeals. Lefkowitz, 1998 WL 327750 at \*2; Roller, 107 F.3d at 230-31.

Ordinarily, however, a request for leave to proceed in forma pauperis must first be made to the trial court and an appeal may not be taken if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Adams v. Inman, 218 B.R. 458, 459 (B.A.P. 8th Cir. 1998). Further, § 1915(e)(2) allows the court to dismiss the case at any time, sua sponte and notwithstanding the payment of fees or portions thereof, if the court determines that the allegation of poverty is untrue or that an appeal is frivolous. 28 U.S.C. § 1915(e)(2); Williams v. Willits, 853 F.2d 586, 588 (8th Cir. 1988). In this case, the bankruptcy court was not asked to and did not certify that the Debtor's appeal was taken in bad faith under 28 U.S.C. § 1915(a)(3). In the order granting relief from stay upon which this appeal is based, however, the bankruptcy court did find that Appellant's Chapter 13 case was filed "solely to hinder, delay, and facilitate [the appellant] creditors in bad faith." This finding was based on the fact that Appellant has filed seven bankruptcy cases since March 17, 1994; one Chapter 7 and six Chapter 13 cases. Five of the seven cases were dismissed by the bankruptcy court within six months of their inception. During that time, the Appellee has had three foreclosure attempts against the Appellant's property. The Appellant's fourth case was filed two days before the Appellee's first scheduled foreclosure sale. His fifth case was filed twenty-one days prior to the second scheduled foreclosure sale. This current case was filed one day before the Appellee's third scheduled foreclosure sale.

We conclude, therefore, that if § 1915(a) applies at all, this appeal is taken in bad faith and the request for leave to proceed in forma pauperis and for the appointment of counsel should be denied. Because the record in this case demonstrates that the appeal is frivolous, we need not remand to allow the bankruptcy court to make such a finding. See Boatmen's First Nat'l Bank v. Kansas Pub. Employees Retirement Sys., 57 F.3d 638, 640 n.5 (8th Cir. 1995); Finney v. Arkansas Bd. of Correction, 505 F.2d 194, 212 n.15 (8th Cir. 1974) (stating that appellate review absent specific findings and conclusions from the trial court may proceed when the record itself sufficiently informs the court of the basis for the trial court's decision on the material issues).

Finally, Appellant's motion for a stay pending appeal should be denied. A party seeking a stay pending appeal must demonstrate that it is likely to succeed on the merits, that it will suffer irreparable injury unless the stay is granted, that no substantive harm will come to other interested parties, and that the stay will do no harm to the public interest. Fargo Women's Health Organization, et al., v. Schafer, 18 F.3d 526, 538 (8th Cir. 1994); James River Flood Control Assoc. v. Watt, 680 F.2d 543, 544 (8th Cir. 1982). As previously noted, the appeal has little likelihood of success on the merits. Moreover, the record indicates that the sale may already have occurred, in which case the appeal would be moot, as we would be unable to grant effective relief. United States v. Fitzgerald, 109 F.3d 1339, 1341 (8th Cir. 1997); Van Iperen v. Production Credit Assoc., 819 F.2d 189, 190 (8th Cir. 1987). Finally, in a case such as this where the debtor has used the bankruptcy court to repeatedly frustrate a creditor's foreclosure remedies through serial filings which were not pursued, any harm to the debtor is outweighed by the harm from granting such stay to the creditor, and public policy weighs against a grant of such stay.

Accordingly, it is hereby ordered that the motion is in all respects DENIED.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL
FOR THE EIGHTH CIRCUIT

4