STATE of Missouri, Respondent,

v.

Samuel Andrew PRYOR, Appellant.

No. KCD 27515.

Missouri Court of Appeals,
Kansas City District.

July 7, 1975.

William G. Mays, II, Public Defender, Columbia, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., PRITCH-ARD, C. J., and TURNAGE, J.

SOMERVILLE, Presiding Judge.

Defendant, charged by a two count information with the crimes of rape and sodomy, was found guilty by a jury of both offenses and was sentenced to twenty years imprisonment on each count, said sentences to run concurrently. Defendant appealed.

Defendant does not challenge the sufficiency of the evidence to sustain the guilty verdicts, therefore the facts will only be briefly alluded to in view of their unsavory nature.

There was substantial evidence from which the jury could find beyond a reasonable doubt that shortly after 11:30 p. m. on September 24, 1973, defendant ran up to one G— S— (a twenty-two year old female) as she was crossing the MFA Service Station lot in Columbia, Missouri, grabbed her with both arms, pointed a knife at her and said, "Don't scream, don't move, don't do anything or you will get this." He held the knife on her shoulder and pointed it at her face. He led her first to the west side of the service station, and then to the east side where the restrooms were located. An L-shaped lattice facade covering the doors to the restrooms was attached to the service station. Defendant pushed G— S— into this L-shaped structure and blocked her exit. Still pointing the knife at her, he demanded that she remove her clothing and lie down. He then forced her to engage in an act of oral copulation with him, and thereafter proceeded to rape her. During the act of intercourse, an automobile entered the service station and its headlights shined through the lattice work illuminating the defendant's face. At trial, G— S— positively identified defendant as the man who perpetrated the abominable and ravishing acts upon her.

Defendant claims there are two instances of purported error at the trial level that are of reversible proportions.

■ First, defendant claims the trial court erred in overruling certain objections to portions of the state's closing argument. The transcript ordered and approved by defendant did not include either the state's closing argument or that of defendant.

Therefore, there is nothing before this court upon which to predicate a review of defendant's first point. *State v. Hite,* 298 S.W.2d 411, 413 (Mo.1957), and *State v. Taylor,* 486 S.W.2d 239, 245 (Mo.1972).

Second, defendant claims it was error for the trial court to overrule two motions filed by him two days before trial for a continuance. Both motions urged a continuance should be granted since a motion to suppress the knife allegedly wielded by defendant was still pending and could not be properly heard until the defense deposed two witnesses who purportedly gave information concering the knife to the state. During the hearing on the motions, which occurred just prior to trial, the prosecutor flatly stated as a matter of record that the knife would not be offered in evidence, and he kept his word to the letter. The trial court, in denying the motions for a continuance, stated, inter alia, that since the knife would not be offered in evidence, the motions were moot. In his brief defendant has not even attempted to point out how or why he claims to have been prejudiced by the court's ruling, and this court's search of the record fails to reveal any prejudice inuring to defendant because of the trial court's refusal to grant him a continuance. An application for a continuance is addressed to the sound discretion of the trial court and its decision respecting a granting or refusal thereof will not be disturbed on appeal unless an abuse of discretion is clearly shown. *State v. Cuckovich,* 485 S.W.2d 16, 21 (Mo. banc 1972); *State v. Le Beau,* 306 S.W.2d 482, 486 (Mo.1957), and *State v. Bibee,* 496 S.W.2d 305, 311 (Mo.App.1973). The record here reveals no abuse of discretion.

Judgment affirmed.

All concur.