**STATE of Missouri, Plaintiff-Respondent,**

v.

**Cornell WHITE, Defendant-Appellant.**

**No. 42636.**

Missouri Court of Appeals, Eastern District, Division Three.

May 12, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 12, 1981.

Application to Transfer Denied July 14, 1981.

William J. Shaw, Public Defender, Thea Sherry, Asst. Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Nancy Kelley Baker, Asst. Attys. Gen., Jefferson City, George Westfall, Clayton, for plaintiff-respondent.

CRIST, Presiding Judge.

Defendant was found guilty, by a jury, of robbery in the first degree. The court imposed a thirty year sentence under the Second Offender Act. We affirm.

On December 21, 1978, defendant robbed a service station in Bridgeton, Missouri. With the aid of a gun, defendant took approximately $125.00 from the station's cash

register. The victim of the robbery called the police to the scene and provided a description of defendant and his car. Based on the victim's description, defendant was apprehended in his automobile a short time after the robbery occurred. Police found the gun and the money taken from the service station in defendant's car. The money was located under the front seat, behind the driver's side door and between the seat and the backrest.

Defendant asserts error in a comment made by the prosecuting attorney during closing argument, as follows:

> [Mr. White] ... Speaking of money, sometimes you learn more by failing to hear things that you expect to hear than by hearing it. I refer of course to all this money scattered around in that automobile jammed down in the seats. I have heard no arguement [sic] not even a suggestion as to why the money was in the car in that manner. Nothing. They glossed over that like they really didn't have—

Defendant's counsel then objected and was overruled. Defendant now charges that the prosecutor's statement was an impermissible comment on defendant's exercise of his right not to testify. We disagree.

Defense counsel, in her closing argument, opened the door to the subject of the money found in the car. She stated, as follows:

> [By Mrs. Sherry] Now as I believe Detective Ganninger stated $125.95 was taken in this robbery. He found some $131.36 in the car. And as the evidence this morning showed to you Mr. White was in fact paid a little over $139.00 ... That was his money in that car. And who says we can't do whatever we want with money in a car? ...

The retaliatory remark made by the prosecutor was not an impermissible, direct or indirect, reference to the defendant's failure to testify, nor did it call the jury's attention to that failure. *State v. Taylor*, 567 S.W.2d 705, 709 (Mo.App.1978); see, *State v. McCall*, 602 S.W.2d 702, 705–706 (Mo.App.1980).

Defendant next complains of error in the trial court's refusal to submit to the jury an identification instruction offered by defense counsel. This instruction does not appear in the MAI–CR. Instructions but appeared in *U.S. v. Telfaire*, 469 F.2d 552 (D.C.Cir.1972). This so-called "Telfaire" identification instruction has been offered and properly refused many times in Missouri courts. It was not error to refuse such instruction in the case at bar even though the submission of non-approved instructions is permitted. Rule 20.02(d) (Now Rule 28.-02(d)). Defendant's proposed instruction failed to meet the requirement of Rule 20.-02(d) in that it was not simple, brief impartial and free from argument. *State v. Higgins*, 592 S.W.2d 151, 161 (Mo.banc 1979); *State v. Quinn*, 594 S.W.2d 599, 604–606 (Mo.banc 1980). The trial court's refusal to give the "Telfaire" identification instruction was not error, particularly in light of the substantial identification evidence.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.