**STATE of Missouri, Plaintiff-Respondent,**

v.

**Jessie SILINZY, Defendant-Appellant.**

**No. 43055.**

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 25, 1981.

Joseph W. Downey, Public Defender, Christelle Adelman Adler, Asst. Public Defender, St. Louis, for defendant-appellant.

Kristie Green, Asst. Atty. Gen., John Ashcroft, Atty. Gen., John C. Reed, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

KELLY, Chief Judge.

Jessie James Silinzy, hereinafter appellant, was convicted in the Circuit Court of the City of St. Louis of Robbery in the First Degree, a violation of § 569.020 RSMo. 1978, and was sentenced to a term of thirty years imprisonment in the custody of the Missouri Department of Corrections. He appealed. We affirm.

On appeal no challenge is made to the sufficiency of the evidence to support the verdict; a short statement of facts will be sufficient for purposes of disposition of this appeal.

From the evidence the jury could find, as it did, that appellant assaulted and robbed Floyd Joseph Melcher of some currency, a portable radio, and a suitcase of clothing at approximately 7:00 a. m. on the morning of August 18, 1979, in an alley between Cole St. and Martin Luther King Boulevard in the City of St. Louis.

On appeal appellant contends the trial court erred in denying his request for a mistrial when a witness for the prosecution, Officer Michael Nichols, testified concerning a prior arrest of appellant for an unrelated crime.[1] We find no merit to this contention. The incident complained of came up during cross-examination of the witness by appellant's counsel and invited the answer given by the witness. The only remedial action requested by appellant's counsel at the time was a request for a mistrial, a "drastic remedy" which should be employed only in extraordinary circumstances which we deem this not to be. *State v. Harris*, 547 S.W.2d 473, 475 (Mo. banc 1977).

Appellant's next contention is that the trial court erred in denying his request for a mistrial when the Assistant Circuit Attorney made reference to his failure to call his grandfather as a witness in the case.[2]

1. The question propounded by appellant's counsel and the answer of the witness under attack together with the colloquy following was:

"Q. Officer, when you assisted in the arrest of Jesse Silinzy at the Ninth District he was not charged in relation to any other incident, was he?
A. Yes he was. He was charged with a robbery that occurred the day after this incident.
Q. You don't recall, Officer, previously testifying that there were no other charges placed against him shortly thereafter or now do you recall testifying to that back in January?
A. I arrested him and charged him with an unrelated charge of robbery that did not oc-

cur on the 19th—I mean did not occur on the 18th, which occurred on the 19th, that was the charge that I arrested him for.
Q. And when was that charge dropped?
A. When was that dropped? That was dropped that day, the 21st.
Q. That same day?
A. The 21st.
Q. What you're saying there are no other charges shortly thereafter or at this time other than this incident that he's charged with?
A. That's correct.

2. The defense was alibi and one phase of the defense was that the appellant spent the night and early morning hours of the alleged offense at his grandfather's home.

Although we have carefully searched the record on appeal we have not found this reference nor has appellant's counsel informed us in the Statement of Facts where this reference might be found in the record. Respondent's brief points out that it occurred during argument, but the argument portion of the trial is not included in the transcript.

 The general rule is that the burden of presenting the record of the proceedings to the appellate court is on the appealing party. *State v. Clark*, 622 S.W.2d 332, 334[1] (Mo.App.1975). A contention on appeal respecting alleged error in oral argument presents nothing for review where the oral argument is not included in the transcript. *State v. Taylor*, 486 S.W.2d 239, 245[12] (Mo.1972); *State v. Hite*, 298 S.W.2d 411, 413[4] (Mo.1957); *State v. Brame*, 542 S.W.2d 591, 594[4] (Mo.App.1976); *State v. Pryor*, 525 S.W.2d 413[1] (Mo.App.1975). This Point has not been preserved for review and we must therefore rule it against appellant.

The judgment of the trial court is affirmed.

REINHARD and SNYDER, JJ., concur.