**STATE of Missouri, Respondent,**

v.

**John Wesley WILLIAMS, Appellant.**

**No. 45971.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 20, 1984.

Motion for Rehearing or Transfer Denied
April 27, 1984.

Jane B. Phillips, Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Defendant appeals after his conviction by a jury of burglary in the second degree, acting with another, a violation of § 569.-170, RSMo.1978. The court found defendant to be a persistent offender and sentenced him to twelve years' imprisonment.

Defendant does not challenge the sufficiency of the evidence. In the early morning hours of June 14, 1981, police received a call of a break-in at the A & H Truck Company in St. Louis. Police Officer Schulte arrived within a minute. As he approached the loading dock, he turned off his headlights and discerned two men standing some distance apart on the dock, each carrying boxes. One of the two spotted the officer's squad car. He threw down the boxes, ran around the corner and disappeared from sight.

The second man, later identified as defendant, continued to carry the boxes until

Officer Schulte came closer and turned on his headlights. The defendant then turned and looked at the officer, giving him an unobstructed view of defendant. The defendant fled; the officer pursued but gave up the chase when the defendant ran into an area difficult to traverse by car. Officer Schulte returned to the dock and observed the defendant running through a nearby vacant lot. He positioned himself at one end of the lot and radioed a second patrol car, which had arrived in the meantime, to position itself at the opposite side. Defendant was found lying face down near the center of the lot.

A subsequent investigation revealed that a panel in the truck company's door had been kicked in, creating a hole sufficiently large to permit passage of either a man or the boxes.

■ Defendant's principal contention is that the court erred in denying his motion for the state to furnish him with the transcript of his first trial, which resulted in a mistrial. On appeal he contends that he needed the transcript in order to prepare his defense. The United States Supreme Court in *Britt v. North Carolina,* 404 U.S. 226, 227, 92 S.Ct. 431, 433, 30 L.Ed.2d 400 (1971) stated, "there can be no doubt that the State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal." The Court applied a two-prong test in *Britt* to determine defendant's entitlement to the transcript: whether the transcript is valuable to defendant and whether there were alternative means available to serve the same function as a transcript. *Id.* at 227, 92 S.Ct. at 433. Missouri courts, moreover, have consistently adhered to this standard. *See State v. Ambus,* 522 S.W.2d 306 (Mo.App.1975); *State v. Holland,* 534 S.W.2d 258 (Mo.App. 1975).

We believe that alternative means were available in this case and therefore that the mandate of *Britt* is satisfied. At the hearing on defendant's motion the prosecutor noted that the state had already provided defense counsel with most of its depositions. The court then ordered the state to provide any deposition that defense counsel lacked and, furthermore, ordered that they be provided on videotape. Defense counsel did, in fact, obtain those depositions from the state's key witnesses.[1] Moreover, defendant had available to him a transcript of the preliminary hearing.

■ Defendant also contends that he was improperly precluded from impeaching a police officer witness by use of a preliminary hearing transcript. After the court sustained the state's objections to use of the transcript, defense counsel failed to show, by an offer of proof or otherwise, what specific questions he wished to ask and what specific inconsistencies he expected to elicit. *State v. Nauman,* 592 S.W.2d 258, 262 (Mo.App.1979). Absent an offer of proof by defendant, the issue is not properly presented for appellate review. *State v. Foley,* 629 S.W.2d 401, 402 (Mo. App.1981).

Lastly, defendant alleges that a remark by the prosecutor during closing argument constitutes a comment on his failure to testify. Defendant concedes that this contention was not properly preserved and seeks review under the plain error standard. Rule 30.20. During closing argument, the prosecutor stated:

> What was the one point that [defense counsel] could not explain away? That Officer Schulte saw the defendant's face in that parking lot. That is the one point he never addressed to you in his argument. He alleged to have seen someone else run away. Where did this person

1. It appears to us that at a conference held immediately prior to trial of this matter, defense counsel conceded that the depositions represented an adequate alternative to a transcript. At that time, defendant's counsel stated: "And, as I recall [the court] granted the Motion [for the trial transcript] with respect to the trial statements to the extent the Court allowed us to take depositions of two of the police officers who will testify in this case. And, in addition, Judge, on April 8, 1982, I did take the depositions of Mark Schulte and Ernie Carr, who were police officers who will testify in this case."

go? Officer Schulte had this man dead to rights. He chased the man that he had in front of him. You never heard any explanation about what he is doing in that lot. [Defense counsel] never told you how the defendant just happened to be in that lot. Sure, he could have run down the alley. He didn't. He ran into the lot and got caught.

 Unquestionably, a prosecutor is prohibited from adversely commenting on an accused's failure to testify. *State v. Arnold*, 628 S.W.2d 665, 668 (Mo.1982). However, the comment must be viewed in the context made to determine whether it highlighted defendant's failure to testify. *Id.* Here, we find no error, much less plain error in the prosecutor's remark since the challenged comment was made in retaliation for defense counsel's comments. *State v. White*, 617 S.W.2d 596, 597 (Mo. App.1981). Defense counsel stated, "the evidence in this case has shown that it clearly would have been possible for Mr. Williams to run down the alley away from the scene and not enter the fenced-in lot." Thus, defense counsel sought to argue that the perpetrator had options other than to enter the lot, and defendant was not, in fact, the perpetrator. Viewed in this context, "[t]he retaliatory remark made by the prosecutor was not an impermissible, direct or indirect, reference to defendant's failure to testify, nor did it call the jury's attention to that failure." *State v. White*, 617 S.W.2d at 597. The statement constituted a comment on the evidence, not defendant's failure to testify. *State v. McCall*, 602 S.W.2d 702, 705–06 (Mo.App.1980). It was intended to highlight the fact that the officer recognized the defendant as the man he had been pursuing, that defendant was in fact found lying prone in the center of the field, and that defense counsel had not explained away this evidence.

Judgment affirmed.

KAROHL, P.J., and CRANDALL, J., concur.