STATE of Missouri, Respondent,

v.

Richard Harris HOARD, Appellant.

No. 14240.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 29, 1986.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Michael E. Sweney, Clayton, for appellant.

JOHN C. HOLSTEIN, Special Judge.

Richard Harris Hoard appeals from a judgment pursuant to jury verdicts convicting him of burglary in the first degree, armed criminal action, and attempted forcible rape. Defendant was sentenced to fifteen years on the burglary and armed criminal action charges to run concurrently; and thirty years on the attempted forcible rape charge to run consecutively to the other sentences. The judgment is affirmed.

The defendant contends the trial court erred in:

(1) Permitting the Prosecutor to comment on defendant's failure to testify during the state's closing argument;

(2) Admitting a hair sample and nylon stocking;

(3) Submitting the attempted rape charge to the jury due to insufficiency of the evidence on the element of intent to commit rape;

(4) Permitting a Prosecutor's key witness to change her testimony during the trial without prior disclosure to the defendant;

(5) Allowing use of an electronic tape recording device to record the trial.

On September 18, 1984, a man about six feet tall, weighing 190 pounds, with light brown or dark blonde hair, wearing a nylon stocking, and carrying a knife, broke into the home of Freida Stiller. At trial, Mrs. Stiller testified the assailant entered her house at 3:40 P.M., although she had stated previously it was "about 3:20."

Mrs. Stiller and her husband were in the living room of the home when the assailant broke in through the kitchen door and pulled the cord out of the telephone on his way to the living room where Mrs. Stiller was sitting. Mrs. Stiller ran to the kitchen where the assailant grabbed her by the neck. He held a six-inch hunting knife in his right hand. Both Mr. and Mrs. Stiller were forced by the assailant down a hallway toward a bedroom. The assailant then told Mr. Stiller to go into a bedroom, saying, "if you come out of there, old man, I'll kill you." The assailant then jabbed his knife into the bedroom door.

The assailant forced Mrs. Stiller into the other bedroom and onto a bed. Twice Mrs. Stiller was able to get up from the bed, but the assailant pushed her down again. He attempted to tear off her blouse but did not succeed. He ripped a necklace from her neck. Several times, while in this bedroom, Mrs. Stiller asked the assailant what he wanted. Each time he would respond, "I want you."

At that point Mr. Stiller appeared at the bedroom door holding a rifle. He ordered the assailant out of the room and out of the house. The assailant slipped the knife into his belt and walked out of the house. Upon reaching the driveway, Mr. Stiller said, "that's not fast enough," and fired a shot in the air. The assailant then ran down the driveway onto Stiller Road and to the cut-off where Stiller Road intersects Highway M. Mrs. Stiller heard a motor start and saw a red pickup truck with one person inside head north on Highway M toward Steelville.

Later that evening, Mrs. Stiller went to the city hall where a lineup was conducted. She identified the defendant, Richard Hoard, in the lineup as her assailant.

Deputy Sheriff Byrd, responding to Mrs. Stiller's call and on his way from the Sheriff's office, in Steelville, observed a nylon stocking on the southbound lane of Highway M, approximately 1.6 miles from the house. He retrieved the stocking and took it to the Sheriff's Department for analysis.

Expert testimony was presented to the effect that a finger print lifted from the bedroom door handle matched the right thumb print of Richard Hoard, a knifeblade of similar width and shape to that possessed by Richard Hoard made the mark on the bedroom door, and a hair sample found inside the nylon stocking was similar to the defendant's hair.

The defendant offered alibi testimony that he had been at a flea market in Steelville on the afternoon of September 18, and purchased a watch. The watch time had been set at 3:24 P.M.

The defendant chose not to testify at his trial.

During closing argument, the Prosecutor made the following statement:

Now, as the Judge said, "What I say, what Mr. White says, is not evidence." Mr. White asked everybody on the jury panel yesterday if they'd be willing to listen to the facts and not what I have to say; you should do that. But the Judge has also instructed you, you should do that with Mr. White.

And the reason is, is like yesterday morning in his opening statement, he told you he was going to prove alot of things but he hasn't. And what you have to listen to today is not what Mr. White will tell you or what I will tell you, but what the facts were, what came from the witness chair, and what you've seen

. . .

■ Defendant's first point is the trial court has erred by not declaring a mistrial when the Prosecutor's argument referred to the defendant's failure to testify. Direct or indirect comment on a defendant's exercise of the privilege against self-incrimination during closing argument is impermissible. *State v. Shields,* 391 S.W.2d 909, 912 (Mo.1965); *State v. McKinley,* 689 S.W.2d 628, 631 (Mo.App.1984). However, such reference must be viewed in context. The ultimate question is whether the remark drew the jury's attention to the defendant's failure to testify. *State v. Williams,* 669 S.W.2d 570, 573 (Mo.App.1984). In this case the comments, as read in context, are clearly a reference to the opening statement of defendant's counsel. The context in which the remark was made was to focus the jury's attention on the evidence in the case and away from the eloquent opening statement of the defense counsel. See *State v. Smothers,* 518 S.W.2d 187, 189 (Mo.App.1974).

■ The second complaint of defendant is that the court erred in allowing the admission of the hair sample and the nylon stocking. Defendant's complaint about the hair sample is that counsel was not present at the time the hair sample was taken from his person. Since the taking of the sample was a critical stage of the proceedings, defendant argues, he was denied the right to counsel guaranteed by the Sixth Amendment. In support of this contention, defendant cites *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). Defendant's reliance on *Wade* is misplaced.

The Supreme Court of Missouri in *State v. Stevens,* 467 S.W.2d 10, 15–16 (Mo.1971), citing *Wade,* put to rest the argument presented here. The court said:

. . . (I)n the Wade case, after ruling that a lineup is a critical stage the court commented on the argument that a lineup is merely a preparatory step in gathering evidence such as "systematized or scientific analyzing of the accused's fingerprints, blood sample, clothing, hair, and the like." The court said: "We think there are differences which preclude such stages being characterized as critical stages at which the accused has the right to the presence of counsel. Knowledge of the techniques of science and technology is sufficiently available, and the variables in techniques few enough, that the accused has the opportunity for a meaningful confrontation of the Government's case at trial through the ordinary processes of cross-examination of the Government's expert witnesses and the presentation of the evidence of his own experts. The denial of a right to have his counsel present at such analyses

does not therefore violate the Sixth Amendment; they are not critical stages since there is minimal risk that his counsel's absence at such stages might derogate from his right to a fair trial." This reasoning would apply to the stage of withdrawing the blood sample as well as the analysis of the sample.

The taking of a hair sample is no more a critical stage of the proceeding than taking a blood sample. This point of defendant is without merit.

 In the alternative, the defendant argues that the nylon stocking should not have been admitted into evidence by the court because it was not sufficiently connected to the appellant. In general, the trial court has broad discretion in determining relevancy and admissibility of evidence and the court's decision should not be overturned unless there is an abuse of the discretion. *State v. Clark,* 652 S.W.2d 123, 128 (Mo. banc 1983); *State v. Taylor,* 701 S.W.2d 725, 727 (Mo. banc 1985). In addition, it is unnecessary that the stocking have been connected to the defendant. Articles, instruments and weapons that have a tendency to explain the manner in which the crime was committed that are found at or near the scene of a crime, subsequent to the commission of the crime, generally are admissible. *State v. Taylor,* supra, 701 S.W.2d at 728; *State v. Dodson,* 642 S.W.2d 641, 643 (Mo.1982).

 In this regard, the defendant complains the forensic expert should not have been permitted to testify to the hair sample comparisons. Defendant argues that the expert's failure to testify with certainty that the hair sample found in the stocking and the sample taken from the defendant came from the same person make the comparison inadmissible. The expert testified the hair samples were similar and could be from the same person. Defendant cites no authority in support of this argument. The identification of an exhibit need not be wholly unqualified in order to make it admissible. *State v. Kelly,* 539 S.W.2d 106, 110 (Mo. banc 1976). Hair comparisons have been accepted in Missouri, as well as

in other states. *State v. White,* 621 S.W.2d 287, 293 (Mo.1981); *State v. Kelly,* supra. In the case now before the court, the hair sample taken from the defendant and the hair sample found in the stocking could have come from the same person. The stocking was found near the scene of the crime on a road used by the assailant to escape from the scene of the crime shortly after the crime occurred. The stocking corroborated the testimony of Mrs. Stiller that her assailant had been wearing a stocking at the time of the attack. The hair sample comparison connected the defendant to the stocking. The stocking and the hair comparison evidence was material and relevant.

 Defendant's next point deals with the insufficiency of the evidence on the element of his intent to commit rape. Intent must be established by circumstantial evidence, for as a rule it is not susceptible to direct proof, *State v. Roden,* 674 S.W.2d 50, 53 (Mo.App.1984); and the evidence need not establish intent as a matter of law. It is sufficient that it authorizes a finding of intent by the jury. See *State v. Roden,* supra; *State v. Petrechko,* 486 S.W.2d 217, 219.

 In arguing the point, defendant does not dispute there was evidence to establish that he broke into the complainant's home, put a knife to her throat, and attempted to remove her blouse. Citing *State v. Hamm,* 577 S.W.2d 936, 938 (Mo. App.1979), the defendant asserts the state was obliged to prove his intent to have intercourse with her by using whatever force was necessary to overcome her resistance. *State v. Hamm* and the cases therein cited are factually distinguishable from the one at hand. In each of those cases, there was ample evidence that the defendant's objective toward the victim was sexual intercourse. In each of the cases, there was also substantial evidence of cooperation by the victim or the assault occurred under such circumstances as to make the completed crime unlikely if the assailant encountered any resistance from the vic-

tim. In the case now before us, the defendant's act of holding a knife at the victim's throat manifested a clear intent to overcome her resistance. A rational trier of fact could conclude that the defendant only broke off the attack when confronted by a loaded rifle. A rational trier of fact could have concluded that the loaded rifle proved to be a stronger deterrent than the defendant anticipated. See *State v. Selle,* 367 S.W.2d 522, 527 (Mo.1963); *State v. Corona,* 685 S.W.2d 931, 935 (Mo.App. 1985). The court holds the evidence supported a finding by the jury that the defendant intended to engage in sexual intercourse with the victim.

 Defendant asserts his trial was fundamentally unfair because he was not informed the victim's testimony would vary from a previous testimony at the preliminary hearing. Defendant claims the state violated Supreme Court Rule 25.03 in failing to disclose such a variation. Rule 25.03 requires the state to disclose only statements or summaries of statements which have been reduced to writing. The state is not required to summarize or reduce statements to writing. *State v. Kerfoot,* 675 S.W.2d 658, 661 (Mo.App.1984). In order to justify a reversal of a conviction, due to a failure to make disclosure under Rule 25.03, the defendant must show that a nondisclosure resulted in fundamental unfairness. *State v. Johnson,* 615 S.W.2d 534, 542 (Mo.App.1981). Here there was no request for sanctions during the proceedings, as required by Rule 25.16. There is no showing that the defendant was denied the opportunity to depose or interview the witness in advance of trial. There is no showing the state failed to produce any written statements or summaries of statements. Under such circumstances, no fundamental unfairness is demonstrated. *State v. Stuckey,* 680 S.W.2d 931, 936 (Mo. banc 1984).

 Finally, Defendant complains that his Sixth Amendment right to counsel was violated by the use of an electronic recording device to preserve the record. Such devices are authorized for use under § 512.180.2, RSMo Supp.1984 (amended Supp.1985). See also § 478.225.5, RSMo Supp.1985 (effective 1–1–87). No objection was made at trial regarding the use of the recording device. No constitutional provisions were mentioned in defendant's motion for new trial.

To preserve a constitutional question for appellate review, the question must be raised at the earliest opportunity consistent with good pleading and orderly procedure, the sections of the constitution claimed to have been violated must be specified, and the point must be presented in a motion for new trial, if any, and the point must be adequately covered in the brief. *State v. Garrette,* 699 S.W.2d 468, 480 (Mo.App. 1985); *State v. Trimble,* 601 S.W.2d 663, 664 (Mo.App.1980). Defendant has failed to preserve this point for review.

The judgment is affirmed.

PREWITT, C.J., HOGAN, J., and FLOYD McBRIDE, C. DAVID DARNOLD, and EUGENE E. REEVES, Special Judges, concur.