**STATE of Missouri, Respondent,**

v.

**Craig S. ADAMS, Appellant.**

**No. WD 41388.**

Missouri Court of Appeals, Western District.

May 1, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 3, 1990.

Application to Transfer Denied July 31, 1990.

Susan L. Hogan, Melinda K. Pendergraph, Columbia, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P.J., CLARK and BERREY, JJ.

BERREY, Judge.

Craig Adams, appellant, appeals his jury conviction of second degree murder and the life sentence imposed by the trial court. Appellant is also appealing the denial of his 29.15 motion to vacate judgment and sentence.

On August 9, 1987, at approximately 10:30 p.m. David Evans and his wife Julie, Scott Blanchard and his girlfriend Gale Miller were driving northbound on Crysler in the vicinity of the Book residence. Julie saw a house on fire and they turned around to investigate. They learned it was the Book residence because David had previously been acquainted with Mrs. Book as he had done lawn care for her when he was younger. The fire was on the side of the house and the front porch. David Evans went to the back door and couldn't get it open, so he kicked in the door and went inside. He was driven back two or three times by the smoke and heat. On the third try he heard Mrs. Book moaning and groaning, he located her, picked her up and took her outside.

Scott Blanchard helped Evans carry Mrs. Book away from the house, first to the backyard, then to the front when the fire department arrived. She was alive at the time but breathing "real rough." Battalion Chief Welchert of the Independence Fire Department testified he "had Captain Norwood and a couple of other members attend to her and make sure that she was cared for." Mrs. Book was subsequently transported by helicopter to Kansas University Center Burn Unit. Mrs. Book died six days after she had been pulled from her burning home. According to the pathologist, her death was due to smoke inhalation and severe inhalation burns caused by the fire.

That appellant's actions were responsible for the fire has not been challenged. However, it is in order to briefly set forth the nature of his involvement. Sonya Ware was present at a party at Michael Kohl's house at 228 South Fuller Street in Independence, Missouri, catty-corner from the Book residence. Ware, in the presence of Scott Hadeen, Gayle Coe, Michael Kohl and Wayne, heard Craig Adams say "he burned down the house," belonging to Mrs. Book. Gayle Coe was living at 828 South Fuller at the time of the fire. She saw Michael Kohl run over to the house on fire. Chris

Adams, appellant's brother, was sitting on a couch at that time and remained seated. Ware heard appellant threaten to burn Michael Kohl's house.

Janet Sue Van Wormer testified she learned of the fire a couple of days after it happened on August 9, 1987. Appellant was visiting Janet when the news of the fire appeared on television. To Janet's remark that "whoever did that should be put away" appellant "snickered" and said "me and my brother were involved."

Points I and III will be considered together. For Point I of his brief, appellant complains the trial court erred in not striking the testimony of Pennie Phillips who stated that she saw defendant drive by and point to her car shortly before it caught fire, because the act of pointing to the Torino constituted an admission by appellant. Appellant, in Point III, argues that this was unfair as it revealed evidence of another crime. It is difficult to understand why the state felt it necessary, in view of the overwhelming evidence linking appellant to the fatal fire, to introduce such tenuous evidence; evidence that is not at all germane to the case in chief.

Pennie testified she saw defendant as a passenger in a car that came around the corner and he was "pointing at the Torino" which later burned. The appellant alleges that such pointing shortly before a fire constitutes an admission, saying that "[t]he reasonable inference from Phillips' testimony is that appellant had indicated the car was to be burned." The appellant concedes that without this conclusion this testimony "would have been irrelevant."

■ Appellant complains that the state should have told him of this testimony. *State v. Hoard,* 715 S.W.2d 321 (Mo.App. 1986). There was no written statement or summary of statements concerning Pennie's testimony. Appellant was advised of Pennie's endorsement as a witness about six weeks prior to trial and was furnished copies of police reports concerning the incidents. Rule 25.03 requires production of statements or summaries of statement reduced to writing. The state is not obliged to summarize or reduce statements to writ-

ing. *State v. Hoard, supra,* 715 S.W.2d at 326.

■ To obtain a reversal due to failure to disclose under Rule 25.03, the appellant must demonstrate the non-disclosure resulted in fundamental unfairness. *State v. Johnson,* 615 S.W.2d 534, 542 (Mo.App. 1981). The appellant had ample time before trial to depose or interview Pennie and there is no showing appellant was denied this opportunity. There is no evidence the state failed to produce statements. No fundamental unfairness is demonstrated.

Generally placing evidence of other crimes committed by defendant before a jury is prejudicial error and to hold it harmless the court must be satisfied beyond a reasonable doubt that it did not contribute to defendant's convictions. *State v. Beasley,* 731 S.W.2d 255 (Mo.App.1987). Declaring a mistrial is a drastic remedy and should be used only to correct a grievous error. *State v. Silinzy,* 621 S.W.2d 114, 115 (Mo.App.1981). Such determination is discretionary in the trial court, *State v. Escoe,* 548 S.W.2d 568, 571 (Mo. banc 1977), and will only be disturbed on a showing of abuse of discretion by the trial judge, who is in the best position to judge the prejudicial effect, if any. *State v. Mitchell,* 651 S.W.2d 637, 639 (Mo.App.1983). Where the evidence of guilt is strong the error may be disregarded as harmless. *State v. Sykes,* 628 S.W.2d 653, 657 (Mo.1982).

■ Two witnesses, Anthony Inman and Gary James, testified that appellant had asked them to burn Pennie's car and it was subsequently burned. Pennie testified she saw defendant drive by on July 21, 1987, and point to the car and that later on the same day her car was damaged by fire. This court is sensitive to the complaint that possible abuse and prejudice may arise when improper testimony establishes uncharged crimes. Here, though, the potential for prejudice was overcome by the strength of the evidence establishing appellant guilty of murder second degree as charged.

Points I and III are denied.

■ Appellant next complains of instructional error claiming that the court erred in giving the verdict directing instructions on arson and felony-murder, Instructions No. 7 and No. 8. These instructions are set forth in their entirety, as follows:

### INSTRUCTION NO. 7

A person is responsible for his own conduct and he is also responsible for the conduct of other persons in committing an offense if he acts with them with the common purpose of committing that offense, or if, for the purpose of committing that offense, he aids or encourages the other person(s) in committing it.

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about August 9, 1987, in the County of Jackson, State of Missouri, the defendant knowingly damaged a two-story wood framed house located at 1314 W. South Street, Independence, Jackson County, Missouri. and

Second, the defendant damaged such inhabitable structure by starting a fire, and

Third, that defendant did so when a person was then present, and

Fourth, that defendant thereby recklessly placed such person in danger of death or serious physical injury,
then you will find the defendant has committed arson in the first degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you cannot find the defendant has committed arson in the first degree.

As used in this instruction, the term "recklessly" means to consciously disregard a substantial and unjustifiable risk that circumstances exist or that a result will follow, and such disregard constitutes a gross deviation from the standard or care which a reasonable person would exercise in the situation.

As used in this instruction, the term "serious physical injury" means physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the functions of any part of the body.

### INSTRUCTION NO. 8

A person is responsible for his own conduct and he is also responsible for the conduct of other persons in committing an offense if he acts with them with the common purpose of committing that offense, or if, for the purpose of committing that offense, he aids or encourages the other person(s) in committing it.

If you find and believe from the evidence beyond a reasonable doubt:

First, that defendant committed arson in the first degree, as submitted in Instruction No. 7, and

Second, that Olive Book died of respiratory failure secondary to severe inhalation burns as a result of being in the inhabitable structure set on fire by the defendant, and

Third, that Olive Book was killed as a result of that perpetration of that felony of arson in the first degree,
then you will find the defendant guilty of murder in the second degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of murder in the second degree.

If you do find the defendant guilty of murder in the second degree, you will assess and declare one of the following punishments:

1. Life imprisonment.

2. Imprisonment for a term of years fixed by you, but not less than ten years and not to exceed thirty years.

Appellant claims that the use of the word "encourages" in these instructions was error as this deviates from the substantive law. He relies on § 562.041, RSMo 1986, which uses the words "aids or agrees to aid" and not the word "encourages" when outlining when a person is criminally responsible for the conduct of another.

These instructions were given in compliance with the applicable MAI's. The intro-

ductory paragraphs in both instructions are found in MAI 304.04 which uses the word complained of here, "encourages." These instructions are mandatory. "If an applicable criminal instruction is provided by MAI–CR, it is mandatory that the court give the instruction as written." *State v. Snyder*, 748 S.W.2d 781, 785 (Mo.App. 1988). This court cannot declare these instructions to be erroneous. *See State v. Franklin*, 752 S.W.2d 937, 939 (Mo.App. 1988). Thus, the trial court committed no error.

Appellant also contends that Instructions No. 7 and No. 8 were not based on substantial evidence. The appellant did not preserve this point for review and asks us to review under a "plain error" standard. To establish plain error, the appellant must show that the alleged error "so affects substantial rights as to result in manifest injustice or a miscarriage of justice if not redressed." *State v. Fetty*, 654 S.W.2d 150, 155 (Mo.App.1983). Appellant makes no such showing and a review of the evidence in question shows that the instructions complained of were properly given. Appellant's Point II is denied.

Appellant's final Points IV, V and VI, concern the denial of his Rule 29.15 motion. Appellant complains that: (1) the motion court erred in refusing to allow him to adduce evidence of the state suborning perjury at trial and in ruling that prosecutorial misconduct is not cognizable in a postconviction action; (2) the hearing court erred in failing to enter specific findings of fact and conclusions of law necessary for a meaningful review; and (3) the hearing court erred in refusing postconviction relief in that appellant was denied effective assistance of counsel because trial counsel did not call one Scott Hadeen to testify.

■ Appellant contends that the motion court clearly erred in not allowing him to present evidence that the prosecutor acted improperly by suborning perjury at trial. Appellate review is limited to a determination of whether the findings and conclusions of the motion court are "clearly erroneous." *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989). The clearly erroneous

standard is measured by whether, if after review of the entire record, this court is left with "the definite and firm impression that a mistake has been made." *Id.* at 696. In the instant case, no such showing is made.

Under old Rule 27.26, prosecutorial misconduct was not ordinarily cognizable because the matter is more properly one for direct appeal. *See Stuckey v. State*, 756 S.W.2d 587, 590 (Mo.App.1988); *Reagan v. State*, 751 S.W.2d 793, 795 (Mo.App.1988). This issue is not properly raised here, in appellant's 29.15 appeal, as appellant is alleging error on the part of the motion court. The motion court did not, therefore, clearly err in not allowing appellant to present evidence of prosecutorial misconduct at his hearing. Appellant's Point IV is denied.

■ Appellant next contends that the motion court clearly erred in failing to enter specific findings of fact and conclusions of law so as to preclude meaningful review. Rule 29.15(i) mandates that, "[t]he court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held ..." Under former Rule 27.26, which contained an identical provision, this mandate was held to be satisfied where, "the motion court's findings and conclusions are sufficient to permit appellate review of the judgment." *Ford v. State*, 748 S.W.2d 837, 838 (Mo.App. 1988). There is no precise formula that the findings and conclusions must follow. *Short v. State*, 771 S.W.2d 859, 865 (Mo. App.1989).

In the instant case the motion judge made detailed findings and conclusions. Appellant bases his contention that these were inadequate on the statement contained in the findings and conclusions which reads, "This Court has carefully considered all issues raised by Movant in his pleadings and rules adversely on each one, even if not specifically commented on." Appellant apparently ignores the other findings and conclusions made by the motion court which provide a more than adequate basis for review. It should also be noted that while appellant bemoans the al-

leged incompleteness of these findings and conclusions, he gives no specific instance by which he has been deprived of a meaningful review. Appellant's Point V is ruled against him.

 Appellant, in his final point, claims error on the part of the motion court in the denial of his Rule 29.15 motion because counsel was ineffective in failing to call Scott Hadeen as a witness. Appellant claims that Hadeen's testimony would have refuted testimony given by two of the state's witnesses. Appellant faces a heavy burden; he must prove his allegation by a preponderance of the evidence and it is presumed that counsel is competent. *Sanders v. State*, 738 S.W.2d 856 (Mo. banc 1987). Under the standards established in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), appellant must show that (1) his attorney failed in exercising the customary skill and diligence that a reasonably competent attorney would exercise under like circumstances and (2) that he was prejudiced by that failure.

At the motion hearing, trial counsel acknowledged that Scott Hadeen was investigated as a possible witness to refute the testimony of the witnesses who testified that appellant stated he was responsible for the fire. Hadeen would have allegedly testified that appellant did not make such statements. Counsel did not call Hadeen as a witness because he felt the two witnesses who testified, "were inconsistent with one another; so much so that I didn't think that the jury would find them worthy of belief." He also felt that putting Hadeen on the stand would "be running the risk of adding to the evidence against the defendant." Hadeen did not testify at the motion hearing.

"An attorney's choice of witnesses is a matter of trial strategy because an attorney handling a trial is in the best position to know how a witness's testimony may help or hinder his client." *Henderson v. State*, 770 S.W.2d 422, 423 (Mo.App.1989). This decision is only rarely open to challenge. *Sanders v. State, supra*, 738 S.W.2d at 858. The trial court did not

clearly err in denying the Rule 29.15 motion on this basis. Appellant's Point VI is denied.

The judgment of conviction and the judgment denying relief pursuant to Rule 29.15 are affirmed.

All concur.