Richard Harris HOARD,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 16724.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 12, 1990.

Brad B. Baker, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Presiding Judge.

Richard Harris Hoard (hereafter referred to as "movant") was charged with and convicted of the offenses of burglary in the first degree, § 569.160,[1] armed criminal action, § 571.015, and attempted rape, § 566.030, RSMo Cum.Supp.1984. Following a jury trial at which movant was found guilty of the offenses charged, movant was sentenced to confinement for a term of 15 years for the offense of burglary; confinement for a term of 15 years for the offense of armed criminal action; and confinement for a term of 30 years for the offense of attempted rape. Those convictions and sentences were affirmed on appeal. *State v. Hoard*, 715 S.W.2d 321 (Mo.App.1986). Movant timely filed a motion for post-conviction relief pursuant to Rule 29.15 by which he sought to set aside or amend the convictions and sentences.[2] In that motion movant contended that he received ineffective assistance of counsel at the trial of the underlying criminal case. After an evidentiary hearing, the motion was denied. This court affirms.

---

1. References to statutes are to RSMo 1978 unless otherwise stated.

2. Movant was sentenced prior to January 1, 1988. He had not previously filed a motion for post-conviction relief pursuant to former Rule 27.26. His Rule 29.15 motion, now before this court on appeal, was filed prior to June 30, 1988. Rule 29.15(m).

Movant claims, in this appeal from the judgment denying his Rule 29.15 motion, that the motion court erred in not finding that he received ineffective assistance of counsel. He asserts that trial counsel in his criminal case was ineffective in the following respects: (1) by informing the jury, in opening statement at the trial of movant's criminal case, that movant had previously pleaded guilty to an offense for sexual assault and informing the jury that movant would testify in his own behalf; (2) by not challenging the credibility of one of the state's witnesses, Frieda Stiller, with respect to her testimony that she positively identified movant at a pre-trial lineup; and (3) by failing to object to the presence of a desk microphone, used in making a verbatim record of the trial in the underlying criminal case, that was placed on the table at which movant sat during that trial.

In reviewing movant's claims of ineffective assistance of counsel, this court must assess (1) counsel's performance and (2) if that performance is deficient, whether prejudice resulted from the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1983); *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

■ Movant's first allegation of ineffective assistance of counsel is directed to remarks made by his trial counsel during opening statement in movant's criminal trial. Movant's attorney told the jury that movant "will testify for you." His attorney further told the jury that he was going to tell "the bad as well as the good because if [movant] takes the stand the prosecution has the right to question him." The attorney told the jury that movant "got a conviction over there at St. James for not having a helmet on when he was riding a motorcycle, or he had somebody riding with him and he didn't have his license where he could ride somebody, a couple years ago." The attorney continued:

Then last summer, just not too long before this come up, he was arrested for back in early in the year for an incident which supposedly took place down there in Steelville. He was supposed to have took some lady in the parking lot there by the Post Office, took her by the arm and reached around in her crotch and felt of her and then she run or got away or something. Anyway, he was charged with that, a misdemeanor.

The attorney then explained that movant had maintained his innocence of that charge but had reached an agreement to plead guilty to it with the understanding that movant would not have to say he was guilty, that he would receive probation—he would be released.

As stated in *Williams v. State*, 730 S.W.2d 284, 287 (Mo.App.1987), with respect to judicial scrutiny of the effectiveness of counsel:

The ultimate evaluation is the reasonableness of counsel's assistance. The distortions of hindsight based upon a lack of success are to be eschewed. Counsel is strongly presumed to have rendered effective assistance and to have made all significant decisions in the exercise of reasonable professional judgment. Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengable [sic]. To establish prejudice the movant must establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

The attorney who represented movant in movant's criminal case testified at the evidentiary hearing in this case. He stated that he had interviewed movant's alibi witnesses prior to the trial of the criminal case and that he was concerned about the anticipated alibi testimony. It was this concern that prompted him to originally recommend, prior to trial, that movant be prepared to testify. Based upon that assessment, the attorney undertook, by his opening statement, to prepare the jury for movant's testimony by discussing the issues about which movant now complains. During the course of the trial of the criminal case, the state presented substantial evi-

dence that movant had been at the crime scene. Evidence was presented that a latent fingerprint was found on a door knob at the crime scene which matched that of movant. Additionally, the victim who testified at trial unequivocally identified movant as the one who committed the offenses. Movant's trial counsel concluded, in the exercise of his professional judgment, that movant's testimony would be more harmful than helpful "because [movant] would appear to be testifying untruthfully about his presence at the scene of the crime."

The motion court found that the statements made by movant's counsel in his opening statement and the decision, in which movant concurred, that movant would not testify were matters of trial strategy. The motion court concluded that there was no reasonable probability, in view of all the evidence, that there would have been a different outcome in movant's criminal trial but for that strategy. Those findings and conclusions are not clearly erroneous. Rule 29.15(j). Movant's first complaint with respect to his assertion that he received ineffective assistance of counsel is denied.

The next basis for movant's complaint that he had ineffective assistance of counsel relates to the trial testimony of witness Frieda Stiller, the victim of the offenses with which movant was charged. Movant claims that after he was arrested he appeared in a lineup at which the victim, Mrs. Stiller, failed to identify him as the assailant. At trial Mrs. Stiller identified movant as the assailant and testified that she identified movant as the assailant the evening of the offense when she was called to the sheriff's office to view a lineup. The following questions were asked Mrs. Stiller at trial and she answered as indicated:

Q. Now, did you have occasion to see the Defendant any time later?

A. Yes. That evening we were called down to the City Hall where he was in a line-up.

.  .  .  .  .

Q. All right. Now, what did you do after you saw the persons in that line-up?

A. I identified him.

.  .  .  .  .

Movant complains with respect to his trial counsel's conduct regarding the testimony of Mrs. Stiller, "Well, he failed to—he didn't even attempt to impeach her testimony as far as the difference in the description of the assailant." Movant added, "In court she said she positively identified me." The motion court found that this allegation was not supported by competent evidence and that movant failed to demonstrate that he was prejudiced by the conduct of his trial counsel about which he complains.

Movant had the burden of proving the grounds for relief which he asserted in his motion by a preponderance of the evidence. Rule 29.15(h). Movant's testimony was the only evidence presented about the lineup. Movant testified that Mrs. Stiller failed to identify him at the lineup. When asked how he knew, movant answered, "Because after the lineup the sheriff, Mr. Jiles, had informed me that she did not pick me out as the assailant, that they were releasing me and I could go home." The motion court concluded that movant's allegation was not supported by competent evidence. That determination is not clearly erroneous. Rule 29.15(j). Movant's second assertion of ineffective assistance of counsel is denied.

Movant's final complaint of ineffective assistance of counsel is directed to the presence of a desk microphone on the counsel table at which movant sat during the course of his criminal trial. The microphone was part of the magnetic tape recording system used to make a record of the trial proceedings. § 478.072. Movant complains that the presence of the microphone inhibited his ability to communicate with his attorney during the course of his trial and prevented him from receiving a fair trial. Movant asserts that, by not objecting to the presence of the microphone and thereby perfecting that issue as a point to be raised in the direct appeal of the criminal case, his trial counsel was ineffective. Movant contends that his trial coun-

sel failed to make himself otherwise available to movant.

At the evidentiary hearing, movant's trial counsel testified that he spoke with movant frequently during court recesses. He stated, "Every break we had I talked with him, or tried—you know, I had the opportunity. I'm sure we discussed everything we could think of ... going on in the trial."

The motion court found that movant's evidence that his trial counsel was not available to him at recesses or adjournments of court was not credible. The court further found that the use of an electronic recording device to make a verbatim record of trial proceedings "is authorized and approved by statute and Supreme Court rule; and that Movant did not adduce any evidence as to how he was prejudiced by trial counsel's conduct in this regard." It concluded that movant's allegation of ineffective assistance of counsel as to this issue was without merit.

In resolving the conflict between movant's testimony and that of his trial counsel, the motion court chose to believe the testimony of the attorney. The motion court assessed the credibility of the witnesses. This court must defer to it in that regard. *Ryan v. State*, 755 S.W.2d 11, 12 (Mo.App.1988). It found that movant was able to and did communicate with his counsel during the course of the criminal trial. That finding is not clearly erroneous. Movant's assertion to the contrary is denied.

The judgment of the motion court denying movant's post-conviction motion is affirmed.

FLANIGAN, C.J., and HOGAN, J., concur.