Craig S. ADAMS, Appellant,

v.

Anthony R. INMAN, Respondent,

and

Carl Edwards and Terry Storey, Respondents.

No. WD 49578.

Missouri Court of Appeals, Western District.

Dec. 6, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 31, 1995.

Application to Transfer Denied March 21, 1995.

Craig S. Adams, pro se.

Anthony Inman, pro se.

Steven E. Mauer, Kansas City, for respondents Storey and Edwards.

Before FENNER, C.J., P.J., and HANNA and LAURA DENVIR STITH, JJ.

FENNER, Chief Judge.

Appellant, Craig S. Adams, appeals from the circuit court's decision granting the motion for judgment on the pleadings of respondents Terry Storey and Carl Edwards and from the circuit court's order dismissing appellant's claim against Anthony Inman.

This action arose from Adams' arrest and subsequent conviction for murder in the second degree for which he was sentenced to life in prison. Adams filed three separate civil actions after his conviction claiming that witnesses, including respondent Inman, made

false statements concerning Adams' involvement with an arson fire which resulted in the death of a woman and led to his conviction. Adams named respondent Carl Edwards as a defendant in each action as part of a conspiracy to make these false statements. Respondents Storey and Edwards are police officers who investigated the case and took statements of witnesses. The trial court granted the motion for judgment on the pleadings of respondents Storey and Edwards, without specifying the reasons for its decision. Additionally, the claim against Inman was dismissed sua sponte by the court, as being barred by the statute of limitations and on the basis of collateral estoppel. Adams now appeals these decisions in the case at bar.

## I. APPEAL AGAINST INMAN

In its order dismissing Adams' claim against Inman the trial court stated as follows:

> Now on this 21st day of April, 1994, the Court takes up this cause sua sponte and after careful review of all the pleadings and premises the Court DISMISSES plaintiff's petition WITHOUT PREJUDICE. Plaintiff has failed to timely file this action within the five (5) year Statute of Limitations, pursuant to 516.120 R.S.Mo. (1986). Further, the Court finds that this action would be barred in any event by collateral estoppel.
>
> IT IS SO ORDERED.

■ Generally, an order of dismissal without prejudice is not a final judgment from which an appeal may be taken. *State ex rel. Kessler v. Shay*, 820 S.W.2d 311, 313 (Mo. App.1991). However, when the effect of the order is to dismiss the plaintiff's action and not merely the pleading, then the judgment is final and appealable. *Mahoney v. Doerhoff Surgical Services, Inc.*, 807 S.W.2d 503, 506 (Mo. banc 1991). By finding that Adams' claim is barred by the statute of limitations and collateral estoppel, the trial court dismissed the action against Inman and not merely the pleading. Therefore, even though designated as without prejudice, the dismissal of Adams' claim against Inman is appealable.

■ Bar of a statute of limitations and collateral estoppel are affirmative defenses which must be pleaded in order to be relied upon. Rule 55.08; *Showalter v. Westoak Realty and Investment, Inc.*, 741 S.W.2d 681, 683 (Mo.App.1987); *Arthur v. Evangelical Deaconess Society of St. Louis, Inc.*, 615 S.W.2d 438, 445 (Mo.App.1981). When a party fails to plead an affirmative defense, the defense is waived. *Detling v. Edelbrock*, 671 S.W.2d 265, 271 (Mo. banc 1984).

■ In the case at bar, Inman has failed to file an answer or otherwise respond to Adams' petition against him. To this point, Inman has not raised either the statute of limitations or collateral estoppel as a defense. The trial court erred in dismissing the claim against Inman on the basis of affirmative defenses not raised.

## II. APPEAL AGAINST EDWARDS AND STOREY

■ The party moving for judgment on the pleadings admits, for purposes of the motion, the truth of all well pleaded facts in the opposing party's pleadings. *Madison Block Pharmacy, Inc. v. U.S. Fidelity & Guaranty Co.*, 620 S.W.2d 343, 345 (Mo. banc 1981). The motion should only be granted when the facts pleaded by the opposing party, even if assumed to be true, are insufficient as a matter of law. *Angelo v. Hazelwood*, 810 S.W.2d 706, 707 (Mo.App.1991). A motion for judgment on the pleadings should not be sustained where a material issue of fact exists but should be sustained if, from the face of the pleadings, the movant is entitled to judgment as a matter of law. *Madison Block*, 620 S.W.2d at 345. We find that Edwards and Storey are entitled to judgment as a matter of law.

In his motion for judgment on the pleadings, Edwards made three arguments for dismissal: (1) the applicable statute of limitations barred Adams' claims; (2) Adams' petition failed to state a claim upon which relief could be granted; (3) Adams' claims were barred by collateral estoppel. The trial court granted Edwards' motion for judgment on the pleadings without specifying the reason for its judgment. Therefore, it is assumed that the court adopted the legal analysis

argued by Edwards in support of his motion. *Vorbeck v. McNeal,* 560 S.W.2d 245, 249 (Mo. App.1977).

Adams argues on appeal that Edwards and Storey were not entitled to dismissal on any of the grounds presented, including collateral estoppel. We find that Adams' claim is barred by collateral estoppel. Therefore, it is not necessary to address the other grounds presented.

 Collateral estoppel is defined as issue preclusion. Collateral estoppel precludes the same parties or their privies from relitigating issues which have been previously litigated. *Hangley v. American Family Mut. Ins. Co.,* 872 S.W.2d 544, 547 (Mo.App. 1984) (citations omitted). In order to invoke collateral estoppel, the following four elements must be found: 1) the issue decided in prior litigation must be identical to the issue presented in the present action; 2) the prior litigation must have resulted in a judgment on the merits; 3) the party against whom collateral estoppel is asserted must have been a party or in privity with a party to the prior litigation; and 4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior action. *Id.*

 Adams' criminal conviction is reported at *State v. Adams,* 791 S.W.2d 761 (Mo. App.1990). In *Adams,* the court noted that the fact that Adams' actions were responsible for the fire was not challenged on appeal. *Id.* at 762. It is further reported in *Adams* that witnesses, including Janet VanWormer and Anthony Inman, testified in regard to incriminating statements Adams made to them. *Id.* at 763. In his criminal appeal, Adams also challenged the verdict directing instructions submitted against him for arson and felony murder. Adams was charged under these instructions with responsibility for the conduct of another. *Id.* at 764. Adams' challenge to the verdict directing instructions as not having been based on substantial evidence was denied. *Id.* at 765. Adams further complained, without success, that the court erred in denying his motion for postconviction relief by refusing his effort to submit evidence that the State suborned perjury. *Id.*

The issues presented in Adams' criminal trial were the same as those presented in the case at bar. In the case at bar, Adams claims that he was not guilty of arson or murder and that VanWormer and Edwards either lied or suborned perjury in the criminal proceeding to wrongfully convict him. These issues were ruled against Adams in his criminal trial and he is collaterally estopped from raising them again by way of civil action.

Other cases have reached a similar result. In *Johnson v. Raban,* 702 S.W.2d 134, 138 (Mo.App.1985), the court held that the denial of relief in a postconviction proceeding collaterally estopped the defendant from relitigating counsel's negligence in a legal malpractice action. In *LaRose v. Casey,* 570 S.W.2d 746 (Mo.App.1978), the plaintiffs sued police officers for trespass, false arrest and false imprisonment. The claims arose out of an incident at the LaRose's home in which La-Rose was arrested and found guilty of interfering with a police officer who was attempting to arrest her son in the house. On appeal of the civil suit, the court noted that in the criminal case the appellate court ruled that the officers had a right to enter La-Rose's home, and, therefore, LaRose was collaterally estopped from relitigating the trespass issue. *Id.* at 750. The court also found that LaRose's claims for false arrest and imprisonment were similarly barred by collateral estoppel as her conviction established that the officers had probable cause. *Id.*

Furthermore, in *Tyler v. Harper,* 744 F.2d 653 (8th Cir.1984), *cert. denied,* 470 U.S. 1057, 105 S.Ct. 1767, 84 L.Ed.2d 828 (1985), the plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983 claiming that a prosecutor, investigator and police officer involved with his criminal conviction had intimidated witnesses and destroyed evidence. The Eighth Circuit affirmed a grant of summary judgment based on collateral estoppel after noting that these issues had been fully litigated and decided in the plaintiff's criminal trial.

The judgment granting Edwards' and Storey's motion for judgment on the pleadings is

affirmed. The judgment dismissing the claim against Inman is reversed and the action against Inman is remanded to the trial court.

All concur.